ETHELDRED E. PHILLIPS, plaintiff in error, *vs.* MADISON BULLARD, defendant in error.

1. Evidence of general reputation of insolvency is not admissible.
2. The receipt of a bank check is not payment of an antecedent debt until it is itself paid. The Code but codifies the old law in Georgia on this point.
3. When the verdict is right and the errors in charge, if any, would not affect the result, this court will not grant a new trial.

Evidence.   Checks.   Debtor and Creditor.   New Trial.

Before Judge Pate.   Pulaski Superior Court.   May Term, 1876.

The following, taken in connection with the opinion, sufficiently reports this case:

Defendant, after testifying that, at the time when the check was given, he had sufficient funds on deposit at the bank to meet the indebtedness, offered to prove that, at the close of the civil war, the bank was generally reputed to be insolvent.   This evidence was rejected by the court.

The court charged, among other things, substantially as follows: Bank checks are not payment until themselves paid. If the jury believe, from the evidence, that the check was presented for payment within a reasonable time, and payment was refused except in Confederate money, and Phillips had notice of such refusal by the bank to pay, within a reasonable time, he is liable—Confederate money not being legal tender, and the holder of the check not being bound to receive it in payment thereof.

The court refused to charge, on request of defendant's counsel, that if unreasonable delay in the presentation of the check for payment were proved, then the burden of proof was on the plaintiff to show that Phillips was not injured by such delay.   Also, that if the check was given May 1st, 1862, and was not presented for payment until the fall of 1862, the delay was at plaintiff's risk.

LANIER & ANDERSON, HILL & HARRIS, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

This was a suit on a bank check for $508.00, dated 1st of May, 1862.   The check was given for services as overseer for the preceding year; the check was presented for payment in the fall, and payment was refused, except in Confederate

money.   The jury found for plaintiff $254.00 ; the defend-
ant moved for a new trial; the motion was overruled, and
defendant excepted.

1.  The first question is, was it admissible to prove the in-
solvency of the bank by general reputation ?   We think it
was not—13 *Ga.*, 417.   Besides, it was admitted by the de-
fendant, in his own testimony, that the bank, after the war,
paid, or could pay, fifty cents on the dollar, and the evidence
was offered to prove the insolvency of the bank, by repu-
tation, after the war.

2.  The next question is, was the receipt of the check pay-
ment until it was itself paid ?   The Code says, in express
terms, that it was not—Code, §2867.   We think this provision
but codified the law as it stood before in Georgia.   We are
also of the opinion that the reasonableness of the time of
presentation of this check was properly left to the jury
under the circumstances, the country being then at war, and
the pursuits of peace more or less interrupted.   Besides,
the jury reduced the check largely, and thus it appears that
it found the time unreasonable, and made the plaintiff pay
damages therefor.   So, in regard to the question of the
burden of proof being on plaintiff to show that defendant
was not damaged, the jury found that he was damaged, and
by reducing the recovery fixed the damage.

3.  The main question is, was the verdict right, or has the
plaintiff in error showed that it was wrong ?   The principal and
interest, at the time of the verdict, was over $1,000.00.   The
jury reduced it to $254, making plaintiff pay damage to the
amount of over $750.00 ; or they made him forfeit one half
the principal and all the interest.   The defendant ought not
to complain ; the plaintiff never got one cent from the
check, and we think the jury has made him lose enough.

Judgment affirmed.