LOYD & WELLS, plaintiffs in error, vs. GEORGE B. WELCH, defendant in error.

[1] Service effected after return term of the process. Amendments, when allowable and when not—not decided.
[2] Writ of error dismissed because brought while appeal was pending below.

Complaint.    In Bibb Superior Court.    Tried before Judge COLE.    May Term, 1866.

The error alleged in this case was the refusal of the Court below to dismiss the action, because the process was made returnable to the November Term, 1865, and no service upon the defendants, according to the Sheriff's return, took place until May 5th, 1866.

The transcript of the record sent up to the Supreme Court showed that a verdict was rendered for the plaintiff, in the Court below, after this ruling; and that the defendants (plaintiffs in error here) entered an appeal. The appeal bond bears date July 9th, and the Judge's certificate to · the bill of exceptions, July 23d, 1866.

Counsel for defendant in error moved, in this Court, to dismiss the Writ of Error, because brought while the cause was still pending in the Court below on appeal.

DeGRAFFENREID, for the motion.

POE, contra.

HARRIS, J.

[1] We are precluded from considering whether the Court exercised a sound discretion or not, in allowing the process of the Court which issued, unquestionably *correctly*, in which there was no error, and was according to the truth of the case, to be amended so as to make the date of its issue conform to the service of the Sheriff, in May, 1866; months after the period had expired, when, according to law, the writ should have been returned to office. We regret this, as it

would have furnished a proper case in which to have given an expression of opinion, as to whether there are not rational and legal limits as to amendments under our statutes; what amendments are matters of course, and what are not.

[2] The transcript of the record shows that the case is pending at this time on the appeal.

The general rule of this Court, and the practice has conformed to it, is not to entertain a writ of error to review any judicial errors complained of, whilst a case is thus pending.

There is nothing presented here why this case should be taken without this most useful rule, and, as defendant in error has made a motion to dismiss the writ of error for the reason assigned, we yield to it.