Clark *vs.* Chapman, etc.

---

FRANCIS D. CLARK, plaintiff in error, *vs.* GEORGE D. CHAPMAN and THE CENTRAL RAILROAD AND BANKING COMPANY, garnishee, defendants in error.

The Central Railroad and Banking Company cannot be served with a summons of garnishment by serving *any one* of its agents. The service must be on the President of the Company.

The Central Railroad and Banking Company has, by law, its principal office of business at Savannah, and it cannot be required to answer a summons of garnishment in any other county than the county of Chatham, unless it appear on the record that the debt it is charged to owe is within some of the statutes authorizing corporations to be sued out of the county where the principal business office is situated.

The garnishee is bound to answer what he is indebted, etc., before the calling of the cause against him at the second term, unless by leave of the Court, he is granted further time, and if he neglects so to answer until the plaintiff has obtained his judgment against the principal debtor, and the juries have been discharged for the term, it is error in the Court to permit him then to answer, unless for good cause shown.

In this case, as it appears from the record, that the garnishee was not bound to answer in Richmond county at all, and was not properly served with the summons, we affirm the judgment of the Court, discharging the garnishee.

Garnishment. Service on Railroad Companies. Venue. Time of answer. Before Judge GIBSON. Richmond Superior Court. June Term, 1871.

Francis D. Clark brought complaint against George D. Chapman, and served a summons of garnishment addressed

to the Central Railroad and Banking Company, upon Joseph B. Preston, agent of said company at Augusta, at the place of transacting the business of the corporation. After judgment had been obtained against the defendant, and after the juries had been discharged, plaintiff moved to enter up judgment against the garnishee. The Court asked if any person represented the Central Railroad and Banking Company. No response being made, the Court sent for Davenport Jackson, Esq., who had represented said company in other cases. After the lapse of an hour, the Court, in the meantime being engaged in other business, Davenport Jackson, Esq., presented the answer of Joseph B. Preston, as agent of the Central Railroad and Banking Company, which the Court allowed to be filed, notwithstanding the objections of the plaintiff, and refused judgment against the garnishee, whereupon plaintiff excepted.

FRANK H. MILLER, for plaintiff in error, cited 32 Ga. R., 118, 119 ; 15 Ga. R., 188 ; 38 Ga. R., 299 ; Code, section 3228 ; 30 Ga. R., 923 ; 38 Ga. R., 602. Plaintiff was entitled to judgment against the garnishee at the first term after judgment against the defendant. The Central Railroad and Banking Company are lessees of the Augusta and Savannah Railroad, and liable to suit in Richmond county, under Act of April 17, 1863 : Code, sections 3293, 3330.

JACKSON, LAWTON and BASINGER ; DAVENPORT JACKSON, for defendants. No summons was served which required a return by the garnishee or any of its agents. Suits must be tried in the county where the defendant resides : Constitution of Georgia, section 12 ; Code, section 5206. The residence of the corporation here garnisheed is in the county of Chatham, and it is liable to be sued only in that county : Charter of Central Railroad and Banking Company, section 21 ; Angell and Ames on Corp., section 107 and cases there cited ; 24 Ga. R., 364 ; 38 Ga. R., 222. Corporations can be sued in county other than that of residence only in

specified cases: 24 Ga. R., 364. Process of garnishment can be served upon persons residing in county other than that of suit: Code, sections 3486, 3487. The term "persons" includes a corporation: Code, section 5; 24 Ga. R., 362.

McCAY, Judge.

1. The Code provides that garnishments shall be served personally: Code, sections 3226, 3481; and this for a very good reason. It is of great importance to the garnishee that he shall know he is not authorized to settle with the defendant. This he cannot know certainly and speedily by a summons which is not personal. This same reason applies to a corporation. Service on *any* agent may fairly be allowed of ordinary process. It is fair to presume that the agent will *very soon* notify the chief officer or president. But a garnishment operates immediately. *Any* payment after service is illegal; and it would be grossly unfair to hold the company bound to take notice immediately, and act at its peril, on a notice to a mere agent, at, perhaps, a remote point from its principal place of business. As we have said, the law requires garnishments to be served personally; and we do not think that section of the Code, 3293, which authorizes service in ordinary suits against corporations to be served by leaving copies, or by serving *any* mere agent, applies to garnishments. Personal service against corporations may be effected by serving the president, or other officer fulfiling the duties of such officer, as at common law.

2. But the Code, sections 746, 2988, 2994, which authorizes suits against railroads in other counties than the place of the principal business office of the company, does not apply to all classes of suits. Suits for damages to property or to person, and suits upon contracts, may be brought, the former in the county where the injury was done, and, in the later, where the contract is made, or to be performed. But this debt does not appear to come within either of these classes. The Central Railroad Company has, by its charter, its prin-

cipal business office in Chatham, and it is there entitled to be sued, except in cases otherwise expressly provided : Acts of 1834. We think, therefore, for these reasons, this garnishment was neither properly served, nor properly returned. It should have been made returnable to Chatham county, and been served personally, on the president of the company. We think the Court erred in permitting this answer to come in at so late a period. The law requires the answer to be at the first term. We see no objection to giving time until the judgment goes against the principal debtor, and have several times ruled that the Court may indulge the garnishee till that time. Perhaps there is no objection to indulgence for good reasons, up to a reasonable time before the dismissal of the juries. But it seems to us that, after it is too late to get a trial on the traverse of the answer, there ought to be very strong reasons for delay. The plaintiff, having got a judgment against the principal debtor, has a *right* to his judgment against the garnishee, who is in default, and it is unjust to him to put him off any longer, unless for some very good reason. But as we are clear a judgment of reversal would do no good, since the whole proceeding is wrong, we will not disturb the judgment, which, at last, is only one discharging the garnishee.

Judgment affirmed.