STEINER, SMITH BROS. & KNECHT *vs.* THE CENTRAL RAILROAD.

1. On exceptions taken and entered *pendente lite*, there can be no adjudication in the supreme court while the case is pending below.
2. Service of garnishment on a domestic corporation whose president resides in this state, must be upon the president, and cannot be effected upon a subordinate officer or agent though the president be temporarily absent.
3. Where the return of service shows upon its face that the president was not served, and does not show that he was a non-resident, the plaintiff is not entitled to judgment against the corporation for failing to answer the garnishment.
4. Writ of error to this court at the instance of plaintiff in garnishment, is premature while the case is pending below on a traverse of the garnishee's answer.
5. Were the writ of error retained, the judgment which the plaintiff complains of would be affirmed; but the writ being premature, it is dismissed as the more correct practice in such cases.

Practice in the Supreme Court. Garnishments. Corporations. Service. Before Judge CHISHOLM. City Court of Savannah. November Term, 1877.

Plaintiffs in judgment against Barbee had garnishment

served on the Central railroad. The deputy sheriff made the following return: " Sheriff's Office, Savannah, May 16th, 1877. By virtue of within, I have this day, at half-past 12 o'clock P. M., served a summons of garnishment, directed to the Central Railroad and Banking Company of Georgia, by serving the same upon T. M. Cunningham, cashier of the said corporation, and at twenty minutes past one o'clock P. M., another one upon E. McIntire, bookkeeper of said corporation, the said officers being the highest officers of said corporation, the president and superintendent not being present, and said officers acting as president, and fulfilling the duties of president."

The garnishee was in default at the July term, at which it was required to answer, and so continued until the day before the adjournment of the succeeding November term. Three days before such adjournment, the garnishee traversed the return of service. The court held the return sufficient for certain purposes, immaterial here. To this ruling, the garnishee filed exception *pendente lite.*

Prior to the traverse, and subsequent thereto, plaintiffs moved for judgment as against a garnishee in default. In response to the last motion, the garnishee proposed then to file an answer denying indebtedness, without showing any cause for his previous default. This the court permitted, and overruled the motion for judgment. To all of which plaintiffs excepted.

Error was assigned by both the plaintiffs and the garnishee.

R. R. RICHARDS, for plaintiffs in error, cited Code, §§3356, 3304; 45th *Ga.*, 489.

JACKSON, LAWTON & BASINGER, by J. R. SAUSSY, for defendant, cited 45th *Ga.*, 486; 32d *Ib.*, 115; 50th *Ib.*, 575; 48th *Ib.*, 439; 58th *Ib.*, 175; Code, §§3310, 4933.

BLECKLEY, Judge.

1. The cause is still pending in the superior court, and

therefore, the exceptions entered *pendente lite* are not now in order for consideration.    Code, §4250.

2. Garnishment upon a domestic corporation is to be served upon the president.    45 *Ga.*, 486.    The temporary absence of the president will not warrant service on a subordinate officer or agent.    Wait till he returns, just as you would if a private individual were absent.

3. Failure of the corporation to answer will not entitle the plaintiff to take judgment, where the return of service shows the presidedt was not served, and does not show that he was a non-resident of the county.

4. But this writ of error is premature.    The case is still pending below on a traverse by the plaintiff to the answer of the garnishee.    Code, §4250; 35 *Ga.*, 104.

5. Were the writ of error retained, the judgment complained of would be affirmed; but for the sake of correct practice, the writ of error ought to be dismissed, and so it is ordered.

Writ of error dismissed.