## THE CENTRAL RAILROAD *vs.* SMITH.

1. Where one railroad in this state has leased and is operating another, in a suit against the lessee, an entry of service by the sheriff by serving personally its depot agent was sufficient.   It was not necessary for such entry to show the deposit and mailing of a letter to the president of the company.

2. A declaration in a suit against a railroad alleged as follows : Plaintiff was a passenger on defendant's train, and had paid his fare to a given point, where defendant's agents agreed to put him safely off, but after having promised to slack up, they negligently directed plaintiff to get off while the train was in motion; seeing that he was about to be carried beyond his destination, and thinking he might safely jump, under promise of defendant's agent to slack up and his notice to get off, plaintiff stepped from the train ; finding that he would be hurled against the track if he let loose, he retained his hold on the car, trusting that the speed would be lessened; but, though defendant's agent saw plaintiff's situation, the speed of the train was negligently increased, causing plaintiff to be dragged, etc.:

*Held*, that a cause of action was set out, and a demurrer to the declaration was properly overruled.

3. Where no special plea is found in the record, an assignment of error, based on its being stricken, cannot be considered by this court.

4. The verdict is supported by the evidence.

October 10, 1882.

Service. Railroads. Damages. Negligence. Before Judge HOOD. Quitman Superior Court. March Term, 1882.

Smith brought his action against the Central Railroad, alleging that the defendant had injured and damaged him while operating and running the trains upon the South-western Railroad, the defendant having leased that road. The facts alleged in the declaration are substantially stated in the second head-note.

The sheriff made the following entry of service: "I have this day executed the within writ by serving a copy thereof on R. T. Gilbert, agent Central Railroad and Banking Company at Georgetown."

Defendant demurred to the declaration because it did not show any liability on the part of the Central Railroad, but if any liability was shown, it was on the part of the Southwestern Railroad; because it did not appear that the president of the defendant had been notified of the bringing of this suit, nor that any notice had been filed in the clerk's office, as required by section 3369 (a) of the Code; and also because the declaration failed to set out any sufficient cause of action. The demurrer was overruled.

The evidence for the plaintiff was, in brief, as follows: On February 19, 1881, Smith purchased a ticket at Morris' station, on the line of the Southwestern Railroad, which was leased by the Central Railroad for the purpose of going to Hatcher's station in Quitman county, and for that purpose boarded the local freight train, to which was attached a cab, in which passengers were carried. Before leaving Morris' station the conductor inquired of the station agent whether he had sold any tickets to Hatcher's station or not. The agent replied that he had sold one to plaintiff, to which the conductor responded that he was sorry, as he did not desire to stop at Hatcher's station. Plaintiff thereupon remarked that if the company allowed

passengers to ride on that train, it was their duty to deliver them safely, and if their instructions were not to stop at a station, the conductor should not allow a passenger to enter the cab. After the train had started, the conductor came to the plaintiff for his ticket. The latter stated to him that he was a public carrier, and that the railroad would be responsible for the damage that a passenger received. There was an up-grade at Hatcher's station, and the train was a heavy one. The conductor stated that if he stopped at the station, he could not get over the grade, and would have to run back. The plaintiff replied that he could not help that, and that it was not his business. When within about half a mile of Hatcher's station, plaintiff informed the conductor that if it would be any accommodation, he would not require the train to be stopped entirely, but that the conductor might "slack up" enough for him to get off with safety. When within about a quarter of a mile of the depot, the conductor inquired of the plaintiff whether he would be willing to jump while the train was moving at that speed, to which the latter answered that he would not. The conductor told him that he would "slack up," and instructed him to get ready to get off. Plaintiff requested a friend to throw him a small package which he had, and then placed himself upon the bottom step of the car. When within a few yards of the depot the speed of the train began to increase very rapidly. Plaintiff, being compelled to attend court that day, was afraid that he would be carried beyond his station, and thereupon jumped from the train, but retained his hold upon the railing. Seeing the conductor standing upon the platform, he thought that he would pull the bell-rope and stop the train, but he did not do so, and, after being dragged for a short distance, plaintiff was unable to retain his hold, and fell to the ground.

There was also evidence as to the extent of the injury which is not material here.

The evidence for the defendant differed from that for the plaintiff in the following material points: The conversation between the conductor and the plaintiff, in regard to stopping at Hatcher's station, occurred before the train left Morris' station. The plaintiff stated that the conductor need not stop the train for him to get off; that he need only "slack up," and plaintiff would get off; that he had done so several times. On nearing the station, and at a point where the train could be "slacked up" before reaching it, so that the plaintiff could alight with safety, the conductor put his head inside the door of the cab to order the brake to be put on. When he looked out again, plaintiff had already jumped. The brake was put on, but, after seeing that plaintiff had jumped from the train, it was taken off again and the speed of the train increased. The effect of putting on the brake while on an up-grade is very considerable. The plaintiff was dragged only a very short distance, and the bell-rope, being in the top of the cab, was out of reach of the conductor at that time. It was not the intention of the conductor or engineer to stop at Hatcher's station unless there should be freight for them to take on at that point; but before the accident, the engineer had shut off steam from his engine in order to ask the station agent whether there was any such freight. This decreased the speed from about twelve or thirteen miles an hour to about ten miles an hour. After the brake was taken off, the engineer again put on steam and the speed was somewhat increased. Seeing that plaintiff had risen and was walking towards the depot, the train was not stopped.

The jury found for the plaintiff eight hundred dollars. Defendant moved for a new trial on the following among other grounds:

(1.) Because the court overruled the demurrer to the declaration.

(2.) Because the court erred in striking the special plea of defendant on motion of plaintiff. [There is no special plea contained in the record.]

(3.) Because the court refused to dismiss the case for want of proper service.

(4.) Because the amount of damages found was excessive.

(5.) Because the verdict is contrary to law and the evidence.

The motion was overruled, and defendant excepted.

S. C. ELAM, for plaintiff in error.

J. C. RUTHERFORD; J. H. GUERRY, for defendant.

SPEER, Justice.

James E. Smith sued the Central Railroad and Banking Company for damages to his person, occasioned by the negligence and want of ordinary care and diligence on the part of its servants in and about the running of its trains while he was a passenger thereon. To this action the defendant below demurred on account of want of sufficient service, and because no cause of action was sufficiently set forth. The demurrer being overruled, defendant filed the plea of general issue and also a special plea. A verdict was returned in favor of the plaintiff for the sum of eight hundred dollars as damages. Defendant made a motion for a new trial on various grounds, which was overruled.

1. As to the question of service made, we think it is ruled adversely to plaintiff in error in the case of the *Georgia Southern Railroad Company vs. Bigelow*. 68 *Ga.*

2, 3. There was a sufficient cause of action set forth in plaintiff's writ. There is no special plea to be found in the record, and we cannot pass upon the error assigned on its being stricken by the court.

4. We think there is sufficient evidence to sustain the verdict, and see no good cause of complaint that it is ex-

cessive. Under the facts, as they appear in the record, we think the law of the case was ruled by this court in the cases of the *Georgia Railroad Company vs. McCurdy*, 45 *Ga.*, 288, and *The Western Railroad Company vs. Young, administrator.* 51 *Ga.*, 489. Under these rulings the facts of this case made the defendant liable.

Judgment affirmed.