THE SOUTHERN EXPRESS COMPANY *v.* SKIPPER.

1. It is only where the president of an express company resides in
   this State, that service of process is required to be made upon him
   by the code, §3412.   Posting his name in each office where the
   company transacts business, is of no efficacy unless he resides
   here, whether his office be in the State or not.
2. After judgment against the company upon a summons of garnish-
   ment served upon the local agent alone, the service will be held
   sufficient until the judgment is set aside, unless it affirmatively
   appears that the president resided in this State at the time of such
   service.

   June 2, 1890.

Service.   Garnishment.   Judgments.   Before WASH-
INGTON DESSAU, Esq., judge *pro hac vice.*   Pulaski supe-
rior court.   November term, 1889.

An execution in favor of A. J. Skipper against the
goods, chattels, etc. of the Southern Express Company,
and especially of the funds in the hands of J. Z T.
Fann as agent of said company in Hawkinsville, Ga.,
for the sum of $122.70 principal, with interest and costs,
which execution recited that the judgment on which it
was based was on a garnishment on a judgment ren-
dered in Houston county, the garnishment judgment
being in the superior court of Pulaski county, was, on
September 29, 1880, levied on a small safe and an iron

box as the property of the express company. The company filed an affidavit of illegality in substance as follows: The judgment and execution are based upon an attachment and garnishment at the instance of Skipper against T. M. Bolton, the attachment having been made returnable to the superior court of Houston county, and the garnishment having been served upon J. Z. T. Fann, an agent of the express company in Hawkinsville, Pulaski county, which garnishment Fann failed to answer; whereupon judgment was rendered against the corporation as in default. At the time of the service of the garnishment up to the time of the rendition of the judgment, no money or other property belonging to Bolton, was in the power, custody or control of the corporation, or any of its agents, nor was there any indebtedness. The attachment was not levied upon the safe and iron box, and the judgment is not against the safe and box. H. B. Plant is the president of the company, and has his principal office in Augusta, Ga. In each office of the company where its business is transacted, the name of the president and said principal office are posted in a public and conspicuous place. The president or other chief officer had no notice of the garnishment proceeding, was not served with a summons, did not acknowledge service, did not appear and plead, and did not authorize any other person to do so for him. The company is not indebted to Bolton, nor is there any of his property in its possession.

Plaintiff in *fi. fa.* demurred to the affidavit of illegality, on the ground that it did not appear from it that at the time of the service of the summons of garnishment, a card containing the name of the president of the company and its principal office, was posted in the company's office in Hawkinsville, in a public and conspicuous place. The judge presiding stated that he would hear the evidence and reserve the point until the evi-

dence was concluded. The company introduced Fann, who testified: He was agent of the company at Hawkinsville for a year or more before the summons of garnishment was served on him. At the time of the service the card containing the name of H. B. Plant, president, and the principal office at Augusta, Ga., was hung in a conspicuous and public place on the wall of witness's office, so that any one could see it. At the time of the service of the summons, Plant was president of the company and the principal office was in Augusta. The card was on the wall all the time, day and night, in witness's office. He had no money or effects or property of Bolton in his hands as agent or otherwise, at the time of the service nor since that time, and the office of the company at Hawkinsville is not and was not indebted in any manner to Bolton. Witness had a package from the west somewhere from T. M. Bolton to B. W. Brown. Did not see Skipper in the office at any time. The company also introduced a printed card in a glass frame, which was identified by Fann as the one which hung in his office. This card stated, among other things, that the principal office of the company was at Augusta, Ga., and it was signed "H. B. Plant, president." Also a copy of the summons of garnishment, headed, "Georgia, Houston county. P. T. McGriff, for use of A. J. Skipper, vs. T. M. Bolton et al. Judgment on bond in Houston superior court, at November adjourned term, 1879." It was directed to "John Z. T. Fann, agent Southern Express Company." It required him to appear at "the next superior court to be held in and for said county on the second Monday in May, 1879," to answer on oath what he, as such agent, was indebted to Bolton, etc. It was dated February 11, 1879, and signed "W. D. Nottingham, J. H. C. C." Plaintiff testified that he was in the company's office in Hawkinsville two or three days before the service of the summons, but did

not see the card. He went to the office under instructions to see if the card was there, but did not see it. It might have been there, but he did not see it. He did not ask Fann, the agent, or any other person for it. There was a package in the office from Bolton to Brown.

This concluded the evidence, and the judge announced that he would hold the affidavit fatally defective and withdraw the case from the jury; whereupon counsel for the company offered an amendment to the illegality to the following effect: At the time of the service of the summons of garnishment, the card showing the name of the president of the company and its principal office, was posted in a conspicuous place in the office of the company in Hawkinsville, and had been so posted for several months before the time of said service. This amendment was sworn to by the agent of the company, who further swore that he did not know this fact until the day the amendment was offered, and that J. D. Bowles, who had sworn to the affidavit of illegality as agent and attorney in fact for the company, was dead. The judge refused to allow this amendment, and dismissed the illegality and withdrew the case from the jury. The company excepted to this action.

DeLACY & BISHOP, for plaintiff in error.

C. C. DUNCAN and W. L. GRICE, by brief, *contra.*

BLECKLEY, Chief Justice.

1. It does not appear, either in the original affidavit of illegality or from the proposed amendment, that the president of this express company is, or ever was, a resident of this State. Section 3412 of the code provides that " When the chief officer of any express company shall reside in this State, it shall be the duty of such company to post in a public and conspicuous place, at each office where it transacts business, the name of its president or other chief officer, on whom service can be

effected in this State; otherwise, service made as provided for in the preceding section shall be deemed sufficient and proper service." The preceding section provides for service by leaving the process at any office of the company, or by serving the same upon any agent thereof. To render it necessary to serve the president in addition to the local agent, the president must reside in this State; that is, his personal residence must be here. In contemplation of law, the principal office of every domestic corporation is in this State. The official residence of the president, or other chief officer, is here, but his personal residence may be elsewhere, and the statute looks to the latter alone as a condition for requiring service upon him. Unless, therefore, he has such residence within this State, the posting of his name at the various offices of the company is *dehors* the scheme of the statute, and such posting will have no effect upon the requisites of due and complete service. It follows, that any allegation in this affidavit of illegality to the effect that the principal office of the company, or principal office of the president, is or was at Augusta, has no relevancy, there being no allegation that the president resides, or ever resided, there. The rejection of the proposed amendment to the affidavit, even if otherwise erroneous, was justifiable upon the ground that, had it been received, the affidavit would still have been fatally defective. And as there was no offer to amend by alleging that the president resided in this State, the court was warranted in dismissing the illegality, testing its sufficiency by the law of service of express companies in ordinary cases.

2. Trying the question now by the law specially applicable to the service of *garnishments* on corporations, that law is that the service must be personal, and as a general rule, must be upon the president. *Clark* v. *Chapman*, 45 *Ga.* 486; *Steiner* v. *Central Railroad*, 60

*Ga.* 552. But this rule applies, of course, only when the president resides in the State; and thus, with domestic express companies, the method of service in garnishment cases is substantially the same as in ordinary cases. Inasmuch as it is not alleged that the president of this company resided in the State at the time the garnishment was served, service upon the local agent at Hawkinsville should be regarded as *prima facie* sufficient. The superior court, in rendering judgment against the company, based on that service, adjudicated, in an incidental way at least, its sufficiency; and that adjudication should be held correct until it is changed or set aside in some regular manner.

*Judgment affirmed.*