HARGIS *v.* EAST TENN., VA. & GA. RAILWAY CO.

By the act of October 16th, 1885 (Acts 1884–5, p. 99), service of summons of garnishment may be made upon the agent in charge of the office or business of a corporation in the county or district at the time of the service, but not upon any other agent of the corporation. It follows that the officer's return designating the person served simply as "agent," without describing him as the agent in charge of the office or business of the corporation in the county or district, will not afford a basis for taking judgment against the corporation for failure to answer. *Judgment affirmed.*
August 1, 1892.

Garnishment. Service. Corporation. Agent. Before Judge Turnbull. City court of Floyd county. September term, 1891.

Hargis sued Phelps, and obtained judgment for $261.92 principal, with interest and costs. Two summonses of garnishment in the cause were served upon the East Tenn., Va. & Ga., Railway Company, one by serving Lawrence, agent, on July 14, 1891, and the other by serving Graves, agent, on July 15, 1891. Graves answered that he was the agent of the E. T., V. & Ga. Ry. Co., garnishees, and was the same agent of the garnishees who was served with process of garnishment in the case; that at the time of the service the garnishees had no property, money or effects of Phelps in their hands, nor had any come into their hands at any time from the date of the service to the date of this answer, nor did the garnishees owe Phelps anything at the date of the service, nor had they become indebted to Phelps at any time between the date of the service and the date of the answer; and that on July 22, 1891, Phelps dissolved the garnishment by filing proper bond, etc. This answer was made December 16, 1891. No answer was made by Lawrence to the summons served upon him as agent. There being a judgment against Phelps, plaintiff moved the court for a judgment against the garnishees because of the failure to answer the summons served upon Lawrence, which motion was refused by the court, and the plaintiff excepted.

W. D. Elam, by brief, for plaintiff.
McCutchen & Shumate, *contra*.