## THIRD NATIONAL BANK *v.* McCULLOUGH BROS.

The president of a chartered bank being its alter ego, and therefore presumptively the official in charge of its affairs, an entry by a proper officer showing personal service on him of a summons of garnishment directed to the bank is prima facie evidence of lawful and sufficient service upon the corporation.

Submitted May 20, — Decided July 22, 1899.

Motion to set aside judgment.   Before Judge Reid.   City court of Atlanta.   November term, 1898.

*Payne & Tye*, for plaintiff in error.   *R. J. Jordan*, contra.

LUMPKIN, P. J.   An attachment was sued out by McCullough Brothers against Phillips & Fuller, and a summons of garnishment was issued thereon.   At the November term, 1898, of the city court of Atlanta, a judgment was rendered in favor of the plaintiffs against the Third National Bank of Atlanta as garnishee.   During the same term, the bank filed a motion to set this judgment aside, alleging that it was void, "as appears upon the face of the record."   The motion was overruled, and the bank excepted.   The case was argued in this court exclusively by briefs, and counsel for the plaintiff in error insisted here upon one only of the grounds actually made in their motion, viz., that "there was no such service of the summons of garnishment upon the garnishee herein as the law requires, which appears from the return of the officer making the service upon the original writ of attachment.   This return shows that the service was made upon the president of the corporation, when it should have been made upon the agent in charge of its office or business.   Upon such a return as is made in this suit, no judgment against the garnishee can be based."   The entry upon the attachment purporting to show service of the summons of garnishment was as follows: "I have this day

levied the within attachment by serving summons of garnishment issued on within affidavit and bond in attachment on Third National Bank, by serving Frank Hawkins, President, personally, at 9.50 A. M. This Dec. 17, 1896. [Signed] R. B. Lynch, L. C."

Section 4710 of the Civil Code provides that: "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient." The president of a bank is its chief executive officer, and, in the absence of any showing to the contrary, will be presumed to be the agent in charge of its affairs. When, therefore, the constable returned that he had served the president of the Third National Bank, the entry of such service was prima facie evidence of service upon "the agent in charge," etc., of that bank. In this connection, see *Southern Express Co.* v. *Skipper*, 85 *Ga.* 565. If the return of service had been traversed upon the ground that, in point of fact, Hawkins was not the agent of the bank having charge of its affairs, an entirely different question would have been presented. As will have been observed, however, the motion to set aside was predicated upon the idea that the judgment, because of the alleged defect in the service, was void, as "appears upon the face of the record." This case is distinguishable from those of *Hargis* v. *East Tenn., Va. & Ga. Ry. Co.*, 90 *Ga.* 42, and *Southern Ry. Co.* v. *Hagan*, 103 *Ga.* 564. In the former, the entry of service simply showed that the summons of garnishment had been served upon a designated person as "agent," without further describing him. In the latter case, the service was upon a railway official not otherwise described than as "supt." It is clear that no court can take judicial cognizance of the scope of the duties of a particular individual merely described as "agent" or as "supt." of a railway company. On the other hand, it may very properly, in the absence of any evidence to the contrary, assume as matter of law that it is the duty of the president of a chartered bank to take charge of and manage its business. He is, in legal contemplation, its alter ego. If a particular bank has a president who is merely ornamental, or a non-resident, the same should be made affirm-

atively to appear where the corporation undertakes to attack an entry of service like that in the present case.

In the brief of counsel for the plaintiff in error certain questions not made in the record are presented and argued. With them we have no authority to deal.

*Judgment affirmed. All the Justices concurring.*