HOLBROOK & COMPANY *v.* EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY.

Due and legal service of a summons of garnishment upon a railroad company is not shown by an entry reciting that the summons was served personally upon each of three named persons, the first designated as " Gen. Sou. Agt.," the second as " Trav. Frt. Agt.," and the third as " Commercial Agt.," and that these persons were " in charge of office." Such an entry is defective in failing to disclose that the individuals served were agents of the company, and in not affirmatively showing that the " office " of which they were in charge was its office.

Argued June 24, — Decided November 6, 1901.

Certiorari. Before Judge Lumpkin. Fulton superior court. March term, 1900.

*S. D. Johnson* and *James K. Hines*, for plaintiffs.
*Westmoreland Brothers*, for defendant.

LUMPKIN, P. J.    This case, upon its facts, is identical with that of *Holbrook & Co.* v. *Railroad Co.*, supra, save that the return of service in the present case was in the following words: "Served the within by serving summons of garnishment issued on within affidavit and bond on Evansville and Terre Haute R. R., by serving D. H. Hillsman, Gen. Sou. Agt., S. L. Rogers, Trav. Frt. Agt., and R. L. Sams, Commercial Agt., each personally at 3 P. M., they being in charge of office. This March 2, 1899. [Signed] R. B. Lynch, L. C." The judge of the superior court, following the decision rendered in *Southern Railway Co.* v. *Hagan*, 103 *Ga.* 564, held that this entry of service could not lawfully be made the basis for entering up judgment against the defendant in error for failure to answer the summons of garnishment. In this conclusion we fully concur. As will have been observed, there is in this entry no recital that the individuals therein named were agents of this particular railroad company; or that they were in charge of its office; or, indeed, that it had any office in this State. The statement, "they being in charge of office," was entirely too general and indefinite to meet the requirements of the statute with reference to the service of summonses of garnishment on corporations. See, also, in this connection, *Hargis* v. *Railway Company*, 90 *Ga.* 42; *Third National Bank* v. *McCullough*, 108 *Ga.* 249; *Cathcart* v. *Railway Company*, Ibid. 253. In *Mobile Insurance Co.* v. *Coleman*, 58 *Ga.* 256, Judge Bleckley took occasion to remark: "Insurance is *business*, and not elaborate and expensive trifling." A like observation is applicable to the matter of perfecting service and making a proper return thereof.

*Judgment affirmed.    All the Justices concurring.*