## BURNETT & GOODMAN *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

117 521
117 889
117 521
123 241

An entry of service of a summons of garnishment stating that the same was served "personally on S. C. Hoge, agent in charge of the office of the Central of Georgia Railway Company," does not show a service upon the corporation, but only upon the person named as an individual; the words "agent in charge of," etc., serving merely to describe and identify the individual.

Submitted March 18, — Decided April 6, 1903.

Garnishment.　　Before Judge Felton.　　Bibb superior court. June 3, 1902.

*F. Chambers & Son,* for plaintiffs.

*J. E. Hall, R. D. Feagin, Hardeman, Davis, Turner & Jones,* and *E. P. Johnston,* for defendant.

COBB, J.　A summons of garnishment was issued and served "personally upon S. C. Hoge, agent in charge of the office of the Central of Georgia Railway Company." Hoge filed an answer denying indebtedness. The court struck this answer, and entered a judgment by default against the railroad company, it not having filed any answer to the summons. The railroad company sued out a petition for certiorari, alleging that the judgment entered against it was unauthorized and void, and exception is taken to a judgment of the superior court sustaining the certiorari.

Civil Code, § 4710, is as follows: " Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient."

To give the court jurisdiction of the corporation it is absolutely essential that the summons of garnishment shall be served upon it. It is within the power of the General Assembly to prescribe how such service shall be perfected; and, under the provisions of the section quoted, service upon the corporation may be had by serving the summons upon the agent in charge of its office or business. The corporation may be served by delivering the process to the individual who is its agent; but the entry of service should indicate with reasonable certainty that it was the corporation and not the individual who was intended to be served. The entry of service in the

present case does not show a service upon the corporation, but only upon Hoge in his individual capacity; the words "agent in charge of the office" of the corporation serving merely to describe and identify the individual upon whom the service was made. See *State* v. *Sallade*, 111 *Ga.* 701-2, and cases cited. This rule should, if anything, be more strictly applied in cases of garnishments than in ordinary suits. See, in this connection, *Clark* v. *Chapman*, 45 *Ga.* 488. The service was upon Hoge individually, and he properly answered the summons. The action of the court in striking the answer of Hoge and entering judgment by default against the railway company was erroneous, and the court properly sustained a certiorari sued out by it for the purpose of having the judgment set aside. If the officer's return had recited that he had served the summons of garnishment upon the Central of Georgia Railway Company, by handing the same personally to S. C. Hoge, who was the agent of the corporation and in charge of its office or business, this would have been sufficient. The return in *Third National Bank* v. *McCullough*, 108 *Ga.* 249, was in this form. The question dealt with in the present case was not involved either in *Central Railroad* v. *Smith*, 69 *Ga.* 268, or *Flournoy* v. *Rutledge*, 73 *Ga.* 735; or in *Mitchell* v. *Southwestern Railroad*, 75 *Ga.* 398. In all three cases the process was treated as referring to the individual named in his capacity as agent of the corporation in question, and the question was whether, so treating it, it was sufficient. Besides, in the last case, additional service was had upon the president of the corporation, and it was held generally that the service was sufficient. *Judgment affirmed. By five Justices.*