*C. W. Fulwood, L. P. Skeen,* for plaintiff in error.

*H. L. Graves, R. D. Smith,* contra.

---

6567.   CENTRAL OF GEORGIA RAILWAY CO. *v.* ELLIS
*et al.*

Service of a summons of garnishment upon the chief clerk of the agent of a railroad company is good service upon the company, under sections 2260 and 5270 of the Civil Code of 1910, when the "agent" is absent from the office of the company and the chief clerk·is in entire charge and control of that office and of the business of the company transacted there at the time of the service.

DECIDED JANUARY 27, 1916.

Garnishment; from municipal court of Atlanta. March 16, 1915.

*Little, Powell, Hooper & Goldstein, E. W. Moise,* for plaintiff in error.

*T. J. Lewis, W. C. Latimer, Daley, Chambers & Daley,* contra.

BROYLES, J.   James N. Ellis secured judgment against O. M. Ezell, and against the Central of Georgia Railway Company as garnishee.   The judgment was rendered against the garnishee in default of answer.   Afterward the railway company traversed the entry of service of the summons of garnishment, and moved the court to set aside the judgment rendered against the garnishee. The entry of service was as follows:   "Georgia, Fulton County. I have this day served summons of garnishment, issued upon within affidavit and bond, on Central of Georgia Ry. Co., by serving same on J. R. Thompson, its agent and personally in charge of the office and place of business at the time of service.of said garnishee in City of Atlanta, said county at 2:30 o'clock p. m.   This the 21st day of January, 1915.   [Signed]   E. L. Hernandez, M. D."   The railway company traversed this entry of service and alleged "that

John R. Thompson was not an agent in charge of its office or business in this county at the time of service, and that service on said John R. Thompson was not lawful service upon it of summons of garnishment." The railway company, to support its traverse, introduced Mr. John R. Thompson, who testified as follows: "I am chief clerk to Mr. O. M. Ezell, agent of the Central of Georgia Railway Company at Atlanta. Summons of garnishment in this case was served on me. At the time of service Mr. Ezell was not in the office. I do not know whether Mr. Ezell was in town the day that service was made on me or not. My duties are routine. The office force is under my supervision. No question of policy is for my decision; they are all referred to Mr. Ezell. I am subject to Mr. Ezell's direction. Questions of importance are referred to him, and his judgment is final and binding. All of the correspondence of the office is carried on in Mr. Ezell's name. Routine letters written by myself are in his name, and are so signed. Mail that comes into the office is opened by the porter, and placed upon my desk. I assort the mail and distribute it to the various department heads. The department heads answer all routine letters, signing them with a rubber stamp of Mr. Ezell's name, and initial it with their own initials. Any unusual situation, or any situation which requires extraordinary handling or has been poorly handled is referred to Mr. Ezell. Mail not peculiar to any one department, and in regard to executive matters, goes to Mr. Ezell, and he personally answers it. My duties are in no way changed when Mr. Ezell is absent from the office, except when he is away on a vacation, and I hold the position of acting agent. Mr. Ezell has full authority to overrule any action of mine, or of any of the department heads."

It is our judgment that in construing section 5270, and the last clause of section 2260, of the Civil Code of 1910, the word "agent" should not be construed in a narrow, technical sense, but should be given a broad, common-sense construction. It would be putting a great hardship upon litigants to hold that a mere summons of garnishment upon a corporation must be served upon one particular individual agent of the company, whether he is absent or not from the company's office or place of business, and that it can not be served in his absence upon his chief clerk who has control of the entire office, and who, in the absence of the "agent" from

the office, is in fact the acting agent of the company, and who is in charge of the office and business of the company at the time of service of the summons. It can not be said that such an ordinary, every-day matter as the service of a summons of garnishment is "a question of policy," or an act that creates "an unusual situation, or a situation which requires extraordinary handling." The evidence introduced by the railway company itself shows that, in the absence of the "agent" of the company from its office and place of business, Thompson, his chief clerk, was to all substantial intents and purposes the agent of the company in charge of its office and business at the time of the service of the summons of garnishment. This being true, the service in this case was sufficient. Any other holding would be clearly in contravention of public policy.

This case is not controlled by the decision in *Smith* v. *Southern Railway Co.*, 132 *Ga.* 57 (63 S. E. 801) ; for the ruling in that case was based upon a construction of sections 2243 and 2244 of the Civil Code of 1895 (sections 2699 and 2700 of the Code of 1910), and the language of these sections is quite different from that of the sections we are now considering. However, in this connection, see *Louisville & Nashville Railroad Co.* v. *Mitchell, 6 Ga. App.* 390 (64 S. E. 1134), where it was held that the service of a summons upon the chief clerk in the office of a railroad company was good service under section 1899 of the Civil Code of 1895.

The appellate division of the municipal court of Atlanta did not err in sustaining the judgment of the trial judge and in declining to grant a new trial.          *Judgment affirmed.*