### 10226.  NORTH GEORGIA BANKING Co. *v.* FANCHER *et al.*

JENKINS, J.  1. The rule as to service on corporations in cases of garnishment is not the same as in ordinary suits against them. *Burnett* v. *Central of Georgia Ry. Co.,* 117 *Ga.* 521, 522 (43 S. E. 854, 97 Am. St. R. 175), citing *Clark* v. *Chapman,* 45 *Ga.* 488. It was formerly the rule that service of a summons of garnishment upon a domestic corporation could only be made upon its president, residing in this State. *Steiner* v. *Central Railroad,* 60 *Ga.* 552; *Brigham* v. *Port Royal & Augusta Ry.,* 74 *Ga.* 365. By section 5270 of the Civil Code of 1910 (taken from the act of 1885) it is provided that "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation" shall be sufficient, and it has been held, as requisite to a legal entry of service under this provision, that the return must indicate that the corporation itself had been served (*Burnett* v. *Central of Georgia Ry. Co.,* supra), and that the person representing the company in such service was the agent in charge of the office or business (*Southern Railway Co.* v. *Hagan,* 103 *Ga.* 564, 29 S. E. 760; *Holbrook* v. *Evansville & Terre Haute R. Co.,* 114 *Ga.* 1, 4, 39 S. E. 937); the only qualification of the last-stated requirement being where the return indicates that the specified official is such as must be taken to be, prima facie and as a matter of law, the alter ego of the corporation by virtue of such office. *Third National Bank* v. *McCullough,* 108 *Ga.* 249 (33 S. E. 848).

2. The president of a chartered bank, being its alter ego, is the person who is presumptively, as a matter of law, in charge of its office and business, under the meaning of section 5270 of the Civil Code of 1910, relating to service of summons of garnishment upon corporations. *Third National Bank* v. *McCullough,* supra; *Park* v. *Cordray,* 20 *Ga. App.* 35 (92 S. E. 394). Thus, a return which shows that service of a summons of garnishment was made upon the bank by serving the named cashier thereof, but which does not indicate, either as originally made or by

amendment (*Southern Express Co.* v. *National Bank*, 4 *Ga. App.* 399, 61 S. E. 857), that he was actually the agent in charge of its office or business, is not sufficient to be the basis of a judgment by default against the bank,

*Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED APRIL 23, 1919.

Garnishment; from Whitfield superior court—Judge Tarver. October 8, 1918.

*J. J. Copeland, W. E. Mann,* for plaintiff in error.

*F. K. McCutchen,* contra.