12770.   TWILLEY & HODGES *v.* MIDDLE GEORGIA BANK *et al.*

STEPHENS, J. 1. A return of service by a sheriff upon a summons of garnishment directed to a banking corporation, in terms as follows: "I have this day served summons of garnishment based on the within affidavit and bond on Middle Georgia Bank, service perfected by serving said summons on E. W. Ingram, the agent and person in charge of said bank," shows, prima facie, good and valid service against the corporation. *North Ga. Banking Co.* v. *Fancher,* 23 *Ga. App.* 683 (99 S. E. 229).

2. The rule as to service of garnishment on corporations is not the same as to service of ordinary suits against them. Prior to the act of 1885 (Ga. L. 1884-5, p. 99; Civil Code, 1910, § 5270), service of a garnishment on a corporation could be perfected only by serving its president, if a resident of this State (*Steiner* v. *Central R.,* 60 *Ga.* 552; *Brigham* v. *Port Royal Ry.,* 74 *Ga.* 365), but under the provisions of that statute such service may be made by serving the agent in charge of its office or business. *Burnett* v. *Central of Ga. Ry. Co.,* 117 *Ga.* 521, 522 (43 S. E. 854, 97 Am. St. R. 175). Where service of garnishment on a corporation is perfected on a person other than its president, the return

itself must indicate (as was done in this case) that the corporation itself was served, and that the person representing the corporation in the service was the agent in charge of its office or business. *Southern Ry. Co.* v. *Hagan*, 103 *Ga.* 564 (29 S. E. 760); *Hargis* v. *East Tenn. &c. Ry. Co.*, 90 *Ga.* 42 (15 S. E. 631); *North Ga. Banking Co.* v. *Fancher*, supra. On an issue made by a traverse to such a return, where the garnishee bank denies that the person served was in fact the agent in charge of its office and business, the presumption of law is in favor of the return (*Denham* v. *Jones*, 96 *Ga.* 103, 23 S. E. 78); but the burden assumed under the traverse is carried and the adverse presumption overcome when it is made to appear that some person other than the one served was and remained actually in charge of the office and business at the time the service was made. In the instant case, under the agreed statement of facts, there was uncontroverted testimony to the effect that the president of the bank had active personal charge of its office and of its business, and that he remained in charge at the time the attempted service upon the cashier was made. While it appears that when the sheriff sought to serve the garnishment on the bank through its cashier, he (the cashier) was the only officer then "present" in the banking house, his mere presence, in the absence of any sort of evidence going to show that he was then clothed with or was assuming to exercise the powers and authority prima facie belonging to the president, is in no wise inconsistent with the testimony contained in the agreed statement to the effect that the president, although temporarily absent from the banking house, continued in charge of its office and business. This for the reason that, under the rule adopted in this State, the president of a chartered bank is the alter ego of the corporation, and is the only person who by virtue of his office and as a matter of law is presumed to be in charge of its office and business. *Third Nat. Bank* v. *McCullough*, 108 *Ga.* 249, 250 (33 S. E. 848); *Park* v. *Cordray*, 20 *Ga. App.* 35 (92 S. E. 394); *North Ga. Banking Co.* v. *Fancher*, supra (2). The statement contained in the agreed statement of facts, to the effect that at the time the service was made the president continued in charge of the bank's office and business, is uncontradicted by any such proof as was made in *Central of Ga. Ry. Co.* v. *Ellis*, 17 *Ga. App.* 536 (87 S. E. 815), in which case it was held to have been affirmatively shown that the subordinate chief clerk, during the absence of his superior "agent," was in complete charge and control of the office and business of the corporation. *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED APRIL 1, 1922.

Affidavit of illegality; from Putnam superior court — Judge Park. July 23, 1921.

Middle Georgia Bank interposed an affidavit of illegality to the levy of an execution issued on a default judgment which Twilley & Hodges obtained against it as garnishee. The sheriff's entry of service, made on January 4, 1921, is as follows: "I have this day served summons of garnishment, based on the within affidavit and bond, on Middle Georgia Bank, service perfected by serving said

summons on E. W. Ingram, the agent and person in charge of said bank." All issues of fact raised by the traverse to the sheriff's return are settled by an agreed statement, the material parts of which are as follows: " B. W. Hunt is the president of Middle Georgia Bank, and . . was president . . on the 4th of January, 1921, . . [He] resided in Eatonton, Putnam County, Georgia, . . [He] is usually present in Middle Georgia Bank during banking hours. . . Said B. W. Hunt as president of Middle Georgia Bank has the same duties, obligations, and powers as the presidents of other State banks in Georgia have who live in the county or district where the corporation is doing business. . . B. W. Hunt, if sworn, would say that he was the agent and person in charge of said bank on January 4, 1921. . . E. W. Ingram was the cashier and a director in Middle Georgia Bank on the 4th of January, 1921. . . A summons of garnishment directed to Middle Georgia Bank was in fact served on said E. W. Ingram. . . E. W. Ingram was the only officer of said Middle Georgia Bank present in said bank when said summons was served." The case was submitted to the judge of the superior court under this statement of facts, with the agreement of counsel " that the only question involved in this case is a matter of law, to wit, whether service of the summons of garnishment directed to Middle Georgia Bank, served on E. W. Ingram as the agent and the person in charge of the office and place of business of said bank, was in fact and in law good service on Middle Georgia Bank ? " The trial judge held that the alleged service on the bank was void.

*R. C. Jenkins,* for plaintiffs in error.

*Joseph B. Duke,* contra.