25611. FRANKLIN SAVINGS & LOAN CO. *v.* BRANAN.

DECIDED OCTOBER 17, 1936.

*George A. Pindar,* for plaintiff. *Grice & Grice,* for defendant.

JENKINS, P. J. ■ Even though one sign a promissory note with another apparently as a joint principal, he may, as between

the parties and in an action by the payee, plead and prove that he had no interest in the paper, and was only a surety for the accommodation of the other and principal signer, and that the plaintiff took the note with knowledge of such facts. *Cheshire* v. *Hightower,* 33 *Ga. App.* 793 (127 S. E. 891); *Benson* v. *Henning,* 50 *Ga. App.* 492 (178 S. E. 406); *McLendon* v. *Lane,* 51 *Ga. App.* 409 (180 S. E. 746). In this suit by the payee bank against an apparent comaker of the note, the undisputed proof, admitted without objection, showed that the defendant signed without any benefit or consideration and merely to accommodate the principal, and that the bank knew these facts. Therefore the defendant was entitled to plead and prove any defenses which would release him as a surety from liability.

■ A plaintiff must recover upon the cause of action as laid in the petition; and a verdict in his favor is illegal when the evidence fails to support the cause declared on, even though a different cause of action may appear from testimony admitted without objection. But evidence, admitted without objection, which supports what is in fact the same cause of action, although it might have been excluded on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could by amendment have been so conformed to the proof as to render such testimony relevant. *Haiman* v. *Moses,* 39 *Ga.* 708 (2, 3), 712; *Field* v. *Martin,* 49 *Ga.* 268 (3), 272; *Artope* v. *Goodall,* 53 *Ga.* 318 (3), 324; *Walson* v. *Brightwell,* 60 *Ga.* 212 (2), 214, 215; *Savannah, Florida & Western Ry.* v. *Barber,* 71 *Ga.* 644 (2 a); *Central Railroad & Bkg. Co.* v. *Cooper,* 95 *Ga.* 406 (22 S. E. 549); *Burdette* v. *Crawford,* 125 *Ga.* 577 (54 S. E. 677); *Napier* v. *Strong,* 19 *Ga. App.* 401 (2), 405, 406 (91 S. E. 579); *Gainesville & Northwestern R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (4) (87 S. E. 1093). "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by" (Code, § 81-1301); and provided, in the case of a petition, that a new and distinct cause of action or new parties can not be added. (§ 81-1303). Where a defendant, after the time allowed for answer has expired, seeks to set up new facts or a new defense,

he must add to his amendment an affidavit that at the time of filing his original defenses "he did not omit the new facts or defense . . for the purpose of delay, and that the amendment is not offered for delay," except as allowed by the statute. § 81-1310. Under the general rule first stated with reference to a recovery by a plaintiff, and by analogy with reference to the sustaining of a defense proved but not pleaded by a defendant, where a plaintiff fails to object to the admission of evidence for the defendant in support of a defense, which, although not set up by plea or answer, could properly have been presented by an amendment at the trial, the plaintiff thereby waives any objection to a consideration of such evidence. This rule would apply at least as to those defenses which are not required by statute to be raised by a sworn dilatory plea filed at the first term, and therefore could not be added by amendment. Code, § 81-403; *Quillian* v. *Johnson,* 122 *Ga.* 49 (3), 54 (49 S. E. 801). The defense of non est factum, which the statute requires to be made by sworn plea at the first term, perhaps also would be excepted. § 20-801. Upon timely objection to the admission of evidence in support of a defense, on the ground that the evidence is not supported by any pleading, or by any special plea where such a plea is required, or that it seeks to set up new facts without verification in an amended answer as required by § 81-1310, the evidence should be excluded. *Hunnicutt* v. *Chambers,* 111 *Ga.* 566 (36 S. E. 853); *Stephens* v. *Bibb Investment Co.,* 54 *Ga. App.* 321 (187 S. E. 709). But in the absence of such an objection the defendant is entitled to the benefit of the evidence, unless the defense falls within the exceptions stated. See *Edwards* v. *Boyd,* 136 *Ga.* 733, 738 (72 S. E. 34); *Holbert* v. *Allred,* 24 *Ga. App.* 727 (102 S. E. 192), holding that, since the original plea is amendable, if a plaintiff fails to object to the allowance of an amendment setting up new facts without requiring the affidavit prescribed by the statute, the failure to object is a waiver, and objection can not afterwards be raised.

In the instant suit by a bank corporation, the defendant surety pleaded only that the note had been paid. With other testimony, he swore, without objection, as to a statement made to him by the president of the bank, which it is contended created an estoppel against the bank. Another witness then testified as to a similar

statement or admission made to the witness by the president, also tending to corroborate the testimony of the defendant. At the conclusion of the testimony of the last witness, the record recites that plaintiff objected to and moved to rule out the statement of the president to this witness, on the grounds that the president was not in charge of collections, that the note was not then in the bank, that he had no authority to make any such statement, and that it was only a casual conversation and not in the course of the duties of the president of the bank. The only reference to any objection or motion relative to the defendant's testimony is: "Counsel offered the same objection to [his] testimony." Not only is this ground incomplete with regard to the defendant's testimony, in that the portion of his testimony attacked is not stated or identified (much of his testimony being clearly admissible), but no ground of objection appears that the evidence of either witness was unauthorized by the plea. Therefore, at least as to the defendant's own testimony, he was entitled to such benefit as it may have afforded him as a legal defense, irrespective of his pleading.

■ Whatever may be the limited powers of the president of a banking or other corporation to bind it by a contract, in the absence of authority from the board of directors, the charter, or the by-laws (*Bank of Lenox* v. *Webb Naval Stores Co.,* 171 *Ga.* 464, 468, 156 S. E. 30, and cit.; *Minnesota Lumber Co.* v. *Hobbs,* 122 *Ga.* 20, 24, 49 S. E. 783; *Potts-Thompson Liquor Co.* v. *Potts,* 135 *Ga.* 451 (3), 69 S. E. 734; *Taylor* v. *Friedman Co.,* 152 *Ga.* 529, 531, 110 S. E. 679; *Swindell* v. *Bainbridge State Bank,* 3 *Ga. App.* 364 (5), 369, 60 S. E. 13; *Haymans* v. *Bennett,* 29 *Ga. App.* 265, 267, 114 S. E. 923), it is well settled in this State that the president of a chartered bank or other corporation is its alter ego, presumptively in charge of its affairs, and with the power to act for it within the scope of its ordinary business and his usual official duties. *Third National Bank* v. *McCullough,* 108 *Ga.* 249, 250 (33 S. E. 848) ; *Mosely* v. *First National Bank,* 160 *Ga.* 394, 396 (128 S. E. 192) ; *Snead* v. *State,* 165 *Ga.* 44 (3) (139 S. E. 812) ; *Twilley* v. *Middle Georgia Bank,* 28 *Ga. App.* 416 (111 S. E. 694) ; *Park* v. *Cordray,* 20 *Ga. App.* 35 (92 S. E. 394) ; *North Georgia Banking Co.* v. *Fancher,* 23 *Ga. App.* 683 (99 S. E. 229). Accordingly, "the admissions of a

president as the mouthpiece and alter ego of a corporation, . . made even with reference to a previous transaction, are ordinarily admissible in evidence, provided they are made in the due course of his official duties with reference to the particular transaction in controversy." *Baker* v. *Lowe Electric Co.*, 47 *Ga. App.* 259 (5, 6) (170 S. E. 337), and cit. Therefore where, as in the instant case, testimony as to such an admission by the president of the plaintiff bank to the defendant with regard to the note sued on was admitted without proper objection, the defendant would be entitled to such benefit as the pertinence and effect of the testimony might legally afford if the admission was made in the due course of the president's duties.

█ Where the holder of a note informs a surety, long before suit against the surety, that the note has been paid, and the surety relies thereon to his injury, the holder will be estopped and the surety discharged. *Whitaker* v. *Kirby*, 54 *Ga.* 277. The undisputed testimony of the defendant surety showed that after the maturity of the note, when he called at the bank to inquire as to the payment of the note by the principal maker, the president informed the defendant that "he has been in here and straightened it up," and "you have nothing else to worry about;" and that, in response to the defendant's request to return the note, the president stated that he would write to a bank in another county where the note was, and do so. The defendant further testified that he relied on this statement, and treated the note as paid; and that, as the deputy in charge of the office and the payment of salaries in a sheriff's office, the maker working under him, he could, except for the admission by the president, have deducted the amount of the note from the maker's salary before the maker died. It appeared without dispute that not only was the person making the statement the president of the bank, but he was the executive officer actually in active charge of its affairs and business. Whether or not the undisputed statement of the president was sufficient to sustain the plea of *payment*, it was nevertheless such an admission, made within the usual scope of the business of the bank and the presumptive duties of the president, as constituted an estoppel, where a resulting specific injury to the defendant was also shown. This evidence, having been admitted without objection, although unpleaded, demanded a verdict in favor of the

defendant, and the court properly directed the jury so to find, The verdict being thus demanded under the defendant's own testi-mony, and the additional testimony of the other witness, as to which exception was properly taken, corroborating and not disputing the evidence of the defendant, it is unnecessary to determine the merits of the exception, since the admission of the additional testimony was harmless.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*