## 57936. K. & L. CONSTRUCTION COMPANY v. CENTRAL BANK & TRUST COMPANY OF BIRMINGHAM et al.
## 57937. CEDAR VALLEY GOLF COURSE, INC. v. CENTRAL BANK & TRUST COMPANY OF BIRMINGHAM et al.

McMurray, Presiding Judge.

This is a garnishment proceeding. Central Bank & Trust Company of Birmingham, as plaintiff, filed its affidavit for garnishment against James A. Lindsey, as defendant, claiming $150,664.65 due on a judgment. It named three garnishees two of which were K. & L. Construction Company, "c/o Eli Guy Kelly, General Partner," at a certain address, and Cedar Valley Golf Course, Inc., "c/o Eli Guy Kelly, Reg. Agent." The proceeding was filed on June 15, 1977.

On June 27, 1977, the defendant James A. Lindsey was served personally with a copy of the summons as per certification of personal service by Seals W. Swafford, "Deputy Marshal, Attorney or Agent." On the same date Seals W. Swafford, as sheriff, signed on the summons of garnishment that service was perfected on garnishee as to all of the garnishees named in the various summonses which had been issued. Only one of the garnishees answered. Cedar Valley Golf Course, Inc. and K. & L. Construction Company failed to answer, and on September 7, 1977, judgment was issued against them separately by default after "Garnishee was duly served with Summons of Garnishment."

Thereafter, on April 19, 1978, pursuant to Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) and based upon lack of jurisdiction these garnishees moved to set aside the judgments. The motions were based on the affidavit of the sheriff (Swafford) who deposed that he did not serve a copy of the summons of garnishment upon Eli Guy Kelly or anyone else associated with K. & L. Construction Company or anyone else associated with Cedar Valley Golf Course, Inc. He deposed that the only person he served was the defendant, James A. Lindsey.

On August 21, 1978, a hearing was held in which

only Seals W. Swafford, sheriff of Polk County, Georgia, was called as a witness at which time he again testified that he only served the defendant James A. Lindsey and did not serve Cedar Valley Golf Course, Inc., c/o Eli Guy Kelly, Registered Agent, or Eli Guy Kelly as General Partner of K. & L. Construction Company, but that he handed all of the papers to James A. Lindsey. He testified that the reason he did this was because "I assumed he [James A. Lindsey] was president of the company and I just assumed this and gave them to him." He further testified that he was personally acquainted with Mr. Kelly, knew where he lived as the address shown was his residence. He also testified that he left it with Mr. Lindsey instead of Mr. Kelly because, "they were partners," and that "[a]s far as I knew, they were." His further testimony was that to the best of his knowledge and recollection Lindsey and Kelly were partners in the Cedar Valley Golf Course and worked together with the Polk County Water Authority and were "partners in that business, K. & L. Construction Company." His further testimony was that he did not know anything about the internal structure of the Cedar Valley Country Club and Golf Course and that he knew they worked together but did not know "if he's in business with him [Kelly] or not . . . I'm assuming every bit of this." Thereafter, on February 22, 1979, the motions to set aside were denied, and the two garnishees separately appeal. *Held:*

1.  Our garnishment law with reference to the summons of garnishment, service and return, clearly states that upon the same being delivered to an officer authorized to serve such summons that he shall serve it "upon the person to whom it is directed and to make an entry of service upon the affidavit and return the same to the court." See Code Ann. § 46-105, as amended by Ga. L. 1962, pp. 717, 718; 1964, pp. 220, 221; and as rewritten in Ga. L. 1976 as Code Ann. § 46-103; 1976, pp. 1608, 1610. Garnishment proceedings are purely statutory and in derogation of the common law, hence the statute must be strictly followed. *Anderson v. Ledbetter-Johnson Contractors,* 62 Ga. App. 732 (2) (9 SE2d 860); *Arnold v. C. & S. Nat. Bank,* 47 Ga. App. 254 (3) (170 SE 316). Traditionally, it has been held that a greater degree of

care is required in serving a summons of garnishment than in serving ordinary lawsuits inasmuch as the garnishee must be made aware of the pending garnishment. See *Redwood Restaurant &c. Inc. v. Spruill,* 108 Ga. App. 95 (2) (132 SE2d 235); *Citizens Bank v. Alexander-Smith Academy,* 226 Ga. 871 (178 SE2d 178); *North Ga. Banking Co. v. Fancher,* 23 Ga. App. 683 (1) (99 SE 229); *Twilley & Hodges v. Middle Ga. Bank,* 28 Ga. App. 416 (2) (111 SE 694); *Southern R. Co. v. Hagan,* 103 Ga. 564 (29 SE 760); *Hargis v. East Tenn. &c. R. Co.,* 90 Ga. 42 (15 SE 631).

2. The contentions of the plaintiff here are that Kelly and the defendant Lindsey are partners in the operation of both the business known as K. & L. Construction Company and Cedar Valley Golf Course, Inc., and service upon one partner would bind the other partner. When Lindsey, the defendant, was served, this amounted to service on the two businesses named as garnishees inasmuch as Kelly and Lindsey were partners. It is noted that Kelly was to be served as general partner of K. & L. Construction Company and as registered agent of Cedar Valley Golf Course, Inc. See *Ells v. Bone,* 71 Ga. 466, 470; *Ferry & Co. v. Mattox & Turner,* 2 Ga. App. 104 (58 SE 291). Counsel contends that as long as the fact of service appears of record and the sheriff actually perfected service on an appropriate partner an incomplete entry by him as to the exact description of the party served (two organizations with the same person named as general partner and as registered agent) this did not render the service void. See *Jones v. Bibb Brick Co.,* 120 Ga. 321, 324 (48 SE 25); *Render & Hammett v. Hartford Fire Ins. Co.,* 33 Ga. App. 716, 720 (127 SE 902); *Citizens Bank &c. Co. v. Pendergrass Banking Co.,* 164 Ga. 302 (1) (138 SE 223).

However, under the sparse facts of the case here, the only evidence that it was a partnership between Kelly and Lindsey is the testimony of the sheriff that he assumed they were partners both in running the golf course and in the construction company. The summons of garnishment shows clearly it was to be served upon Cedar Valley Golf Course, Inc. "c/o Eli Guy Kelly Reg. Agent," and K. & L. Construction Company, "c/o Eli Guy Kelly General Partner." Consequently, even if we determined that

service upon one partner as a defendant would be sufficient to bind another partner as garnishee (which we do not decide), the evidence here is totally unsatisfactory to show that Kelly and Lindsey are partners in K. & L. Construction Company and in Cedar Valley Golf Course, Inc. The evidence being unsatisfactory to show that the two garnishees here appealing the default judgments against them were properly served, the trial court erred inasmuch as each judgment issued on the garnishment is based upon lack of jurisdiction over the garnishees.

*Judgments reversed. Banke and Underwood, JJ., concur.*

Argued June 13, 1979 — Decided September 4, 1979.

*Joseph N. Anderson,* for appellant.
*F. David Grissett, Bartow Cowden, III,* for appellees.