## 16627. SWINNEY, administrator, *v.* WRIGHT.

The charge of the court as to the effect of evidence in regard to the good character of the defendant in an action for assault and battery was misleading, and is ground for a new trial. The other instructions complained of are not subject to the exceptions taken.

DECIDED FEBRUARY 13, 1926.

Action for damages; from city court of Polk county—Judge Tison. May 18, 1925.

C. M. Swinney sued Ivy Wright for damages because of an assault and battery, alleging: that on a certain date the plaintiff went over to a certain portion of his lands where the defendant was farming, for the purpose of looking after the collection of rent due him by the defendant; that while he was there the defendant approached him, declaring that he understood that the plaintiff had accused him of stealing to his little son; that the plaintiff undertook to disabuse his mind of any such notion; that, without notice or warning, the defendant struck the plaintiff a violent blow upon his forehead, knocking him to the ground, and that while he was thus prostrate upon the ground, the defendant unmercifully beat and bruised him, so that he was disabled for a long time and permanently injured; that the plaintiff was sixty-three years of age, of frail and feeble build, while the defendant was a strong, powerful, and robust young man, much stronger and heavier than the plaintiff; that the attack was entirely unprovoked; that the defendant "did violently, brutally, and wantonly strike, kick, and beat your petitioner as aforesaid, giving to petitioner not the least warning or cause to expect said attack; that said attack was malicious and premeditated on the part of the defendant." The plaintiff prayed not only for actual damages, but also for punitive or exemplary damages, all in the sum of $2000. The defendant in his answer denied the plaintiff's allegations, and alleged that he made no attack on the plaintiff, but simply undertook to repel an attack upon himself by the plaintiff with a dangerous weapon,—a knife,—with only such force as was necessary in his own defense; that the plaintiff was a very high-tempered man, quarrelsome and hard to get along with when angry or excited; that the defendant had always endeavored to live

Appeal and Error, 4 C. J. p. 710, n. 41; p. 989, n. 16.

Assault and Battery, 5 C. J. p. 680, n. 26; p. 682, n. 46; p. 691, n. 63 New; p. 693, n. 83.

an honorable, upright, and peaceable life, and that at the time of the occurrence he tried to persuade the plaintiff to make an examination of the corn which the defendant was setting aside for the plaintiff's rent, in order that he might be convinced that an honest division had been made, but that instead of doing this the plaintiff made the attack upon him. No demurrer by either side was specified as a part of the record.

On the trial of the case the defendant was allowed to introduce testimony as to the character of the plaintiff, tending to show that he was quarrelsome and hard to get along with, over the plaintiff's objection that such evidence was irrelevant and immaterial to any issue in the case. The defendant was allowed to introduce evidence as to his own character for peaceableness, over the plaintiff's objection that it was irrelevant and immaterial. After the conclusion of all the testimony the court, while charging the jury, ruled out all the evidence as to the character of the plaintiff, but charged the jury that the evidence as to the character of the defendant might remain in and be considered by the jury, "together with all the facts and circumstances as detailed from the witness stand, in determining whether the defendant was justified or not in whatever you find that he did on this occasion." The verdict was for the defendant. The plaintiff's motion for a new trial was overruled, and the movant having died, his administrator (who, while the motion was pending, was made a party) excepted to the overruling of the motion.

*Porter & Mebane, Bunn & Trawick,* for plaintiff.

*E. S. Ault, John K. Davis,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) 1. As to the testimony in regard to the character of the parties the court instructed the jury as follows: "The court permitted evidence as to the character of Mr. Swinney, the plaintiff in this case, as to violence, turbulence, and peacefulness, to go before you. The court now excludes all that testimony relating to the character of Mr. Swinney for violence, and instructs you not to consider any of the testimony in arriving at your verdict. The testimony as to the character of the defendant Ivy Wright is allowed to remain for your consideration, and at the proper time in the charge the court will instruct you as to the effect of that testimony." The plaintiff, in his motion for a new trial, objected to this instruction, because

the court did not give the names of the witnesses whose testimony as to the plaintiff's character had been withdrawn from the jury, but left the jury to guess who they were. Objection was taken also to the reference thus made to the testimony relating to the character of the defendant, and this latter objection is dealt with in the third division of this decision. It appears from the record that the defendant offered certain character testimony as to the plaintiff, tending to show that he was a quarrelsome man and hard to get along with. At the time of its introduction the plaintiff objected to it on the ground that it was irrelevant and immaterial. The instruction excepted to is in conformity with the plaintiff's contention, and he can not be heard to complain of it; nor do we think that if the original admission of this evidence was erroneous, the jury could have been misled by the fact that when it was subsequently withdrawn from their consideration the names of the witnesses so testifying were not mentioned by the court in connection with this excerpt from the charge.

2. The next assignment of error is to this excerpt from the charge: "If you believe from the evidence in this case that the plaintiff, Mr. Swinney, was the aggressor, and that the defendant used such force as was necessary to repel an attack upon him by Mr. Swinney, then the plaintiff would not have a right to recover in the case." There was no error in this charge, for this was one of the pleaded issues in the case, and it was supported by portions of the evidence.

3. One exception is taken to the admission of evidence relative to the defendant's character for peacefulness. Another is made to the following excerpt from the charge of the court: "In determining the first issue, whether the plaintiff is entitled to recover or not,—that is, whether the defendant was justified in doing whatever he did do,—you can consider all the testimony, including any testimony that has gone before you relative to the alleged good character of the defendant, . . take that into consideration, together with all the facts and circumstances as detailed from the witness stand, in determining whether the defendant was justified or not in whatever you find that he did on this occasion." The exception to this excerpt was that it "tended to leave, and actually did, as movant insists, leave the impression with the jury that if they should find from the evidence that defendant had a good

character, plaintiff would not be entitled to recover in the case;" and further, that the character of the defendant was not an issue, "and that if he made an unjustifiable assault upon the plaintiff and the plaintiff suffered damages thereby, said plaintiff would be entitled to recover regardless of whether or not defendant had good character." Section 5745 of the Civil Code (1910) provides as follows: "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." In the instant case the contention of the plaintiff is that the defendant made a violent, malicious, and unwarranted attack upon him, for which he was entitled to recover exemplary or punitive damages. The character of the defendant for violence or peaceableness was thus necessarily involved by the very nature of the action and by the character of the damages claimed. Evidence going to show the reputation of the defendant for peaceableness was therefore properly admitted. The purpose of such testimony is limited, however, to throwing light upon the question of the truth or falsity of the acts complained of, and has nothing to do with the question of justification under the facts, as they may be found to exist. It was therefore misleading for the court to charge that in considering whether the defendant was justified in doing what he did, the jury might consider the evidence relative to his good character. This charge might have been construed by the jury as tantamount to an instruction that good character of the defendant constituted an element of justification. While it is true that in determining as to what the defendant did, the jury should consider all the testimony, including the character testimony, as throwing light upon the probability or lack of probability of the other testimony, still, in determining whether, under the facts as found to be true, the defendant was justified, his good character or lack of good character played no part. In other words, his good character may throw light upon the question as to what he did, but does not throw light upon the question as to what he ought to have done. A different rule would apply in a case where the defendant relies upon the turbulent character of the plaintiff in establishing his own justification. In such a case the character of the plaintiff for violence may throw light upon the question of the defendant's

justification, since it is a factor which the defendant might have properly considered in determining his own danger and what means he could be justified in resorting to in his own defense. See *Dannenberg* v. *Berkner,* 118 *Ga.* 885 (45 S. E. 682).

    *Judgment reversed. Stephens and Bell, JJ., concur.*