43730. CHELENA v. GEORGIA FEDERAL SAVINGS & LOAN ASSOCIATION.

(349 SE2d 180)

GREGORY, Justice.

The Chelena brothers sued Georgia Federal Savings & Loan Association (Georgia Federal) seeking a constructive trust and damages for alleged mishandling of a trust in their name. The trial court granted summary judgment in favor of Georgia Federal. We affirm.

Marie and Carl Chelena were divorced in 1969. Mrs. Chelena was awarded custody of their five sons and the title to the family home, which she was to hold in trust for the children. On May 21, 1973, the court authorized Mrs. Chelena to sell the house and place the proceeds in a trust account in a federally insured savings and loan association. The court order stated encroachment on the corpus by the trustee could be made for necessary support or maintenance, but only after petitioning the court for permission.

With the sale proceeds, Mrs. Chelena opened two revocable trust savings accounts of $5,000 each with Georgia Federal. The trust accounts named Mrs. Chelena as trustee. The terms allowed Mrs. Chelena to borrow against the trust funds and pledge them as collateral. The terms also directed Georgia Federal to act pursuant to Mrs. Chelena's signature in any manner consistent with the deposits.

Three Georgia Federal employees stated in affidavits that they were not made aware of any court order having to do with the trust accounts. In a deposition, Mrs. Chelena admitted she never presented Georgia Federal with copies of any court orders, but stated she discussed the court order with a representative when she opened the accounts. In 1973, Mrs. Chelena obtained two $3,000 savings account loans from Georgia Federal by pledging the trust certificates as collateral. The loans were eventually paid with money from the trust accounts. All this was accomplished without court permission.

In August 1979, the five Chelena sons brought suit against Georgia Federal seeking to recover the funds taken from the trust accounts for the loans. The trial court granted summary judgment in favor of Georgia Federal and denied summary judgment to the Chelenas. The Chelenas contend it was error to grant summary judgment to Georgia Federal because there is a disputed issue of fact as to whether Geor-

gia Federal had knowledge of the court order prohibiting encroachment on the corpus of the trust without prior court approval.

This case is controlled by OCGA § 7-1-790 governing deposits by fiduciaries in building and loan associations and savings and loan associations. It provides:

"A building and loan association or a savings and loan association may receive deposits in the name of an administrator, executor, guardian, trustee, or other fiduciary in trust for a named or an unnamed beneficiary or beneficiaries. Such a deposit and dividends or interest thereon or other rights relating thereto may be paid or delivered, in whole or in part, to such fiduciary or may be exercised by such fiduciary without regard to any notice to the contrary so long as such fiduciary is living and until the association has received notice of the death of such fiduciary. The payment or delivery to any such fiduciary or a receipt or acquittance signed by any such fiduciary, to whom any such payment or any such delivery of right is made, shall be a valid and sufficient release and discharge of such association for the payment or delivery so made."

This section permits the association to pay out funds to the depositor-fiduciary and rely on the recognized presumption that the fiduciary will faithfully discharge his duties with regard to the disposition of the funds. *Tattnall Bank v. Harvey*, 186 Ga. 752, 753 (198 SE 724) (1938); *Bank South v. Grand Lodge of Free & Accepted Masons*, 174 Ga. App. 777 (331 SE2d 629) (1985). In the absence of knowledge of a breach of trust by the fiduciary, it is not incumbent upon the association to investigate the use of funds by the fiduciary. *Trust Co. v. Nationwide Moving &c. Co.*, 235 Ga. 229, 230 (219 SE2d 162) (1975). Such a requirement would unduly hinder the multitudinous transactions of the association.

In this case there is a genuine issue of fact whether Georgia Federal had knowledge of the court order requiring court permission before encroaching upon the corpus of the trust. But it is not a material fact because even if Georgia Federal had such knowledge, it was permitted by the statute to pay out the funds on the order of Mrs. Chelena under the presumption she was acting in compliance with her duties as a fiduciary. Summary judgment was properly granted. OCGA § 9-11-56.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 1986.

*George P. Graves,* for appellant.

*Gambrell, Clarke, Anderson & Stolz, Steven F. Unti,* for appellee.