A92A2147. DIMARCO'S, INC. et al. v. NEIDLINGER.
(428 SE2d 431)

BLACKBURN, Judge.

Daniel Neidlinger brought suit against Dimarco's, Inc. and its employee Harold Walter Hinton, seeking to recover damages for an alleged assault by Hinton committed in the course of his employment. The action was tried before a jury in a bifurcated proceeding pursuant to OCGA § 51-12-5.1 (c) and the jury awarded compensatory and punitive damages to Neidlinger. Defendants appeal from the denial of their motion for new trial.

The evidence adduced at trial established that appellee and his wife went to a furniture store owned and operated by appellant Dimarco's to exchange an item they had purchased at another Dimarco's store. Several witnesses testified that appellant Hinton, the store manager, became irate after an encounter with appellee and ordered him out of the store. When appellee refused, Hinton began kicking appellee and striking him with his fists and with a broken piece of furniture. Hinton pursued appellee out the door and into the parking lot, continuing to strike him. Appellee submitted evidence of his injuries and medical expenses. Hinton was not present at the trial and appellants presented no witnesses.

1. Appellants contend the trial court erred by denying their motion in limine and admitting, over objection, a certified copy of Hinton's conviction for manslaughter 14 years earlier. This evidence was admissible during the punitive damages phase of the trial. *Moore v. Thompson*, 255 Ga. 236 (336 SE2d 749) (1985). Thus, the question presented on appeal is whether the trial court abused its discretion by admitting this evidence during the liability phase.

"The general character of the parties and especially their conduct in other transactions are irrelevant matters unless the nature of the action involves such character and renders necessary or proper the

investigation of such conduct." OCGA § 24-2-2. "Similar acts or omissions on other and different occasions are not generally admissible to provide like acts or omissions at a different time or place. [Cit.]" *Skil Corp. v. Lugsdin*, 168 Ga. App. 754 (1) (309 SE2d 921) (1983). However, such testimony may be admitted if relevant to an issue in the case and if the evidence "does not place too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise. [Cits.]" *Charles Parrott & Assoc. v. Hunt*, 167 Ga. App. 106, 109 (2) (305 SE2d 879) (1983). See *Wright v. Dilbeck*, 122 Ga. App. 214, 216-218 (4) (176 SE2d 715) (1970) (in wrongful death case arising out of train collision, evidence of prior similar incidents admissible to show railroad's knowledge of dangerous condition).

In cases involving the intentional torts of assault and battery, evidence of prior violent or peaceable conduct by a party has been held to be admissible when relevant to an issue in the case. In *Swinney v. Wright*, 35 Ga. App. 45, 48 (132 SE 228) (1926), the plaintiff contended that the defendant made a violent, malicious, and unwarranted attack on him. Accordingly, the court held, "[t]he character of the defendant for violence or peaceableness was thus necessarily involved by the very nature of the action and by the character of the damages claimed. Evidence going to show the reputation of the defendant for peaceableness was therefore properly admitted . . . to [throw] light upon the question of the truth or falsity of the acts complained of . . . ." Id. In a subsequent assault case, *Stanley v. Willingham*, 93 Ga. App. 421 (1) (91 SE2d 791) (1956), each party claimed that the other assaulted him. Citing *Swinney*, supra, the court held that "[i]n such circumstances the characters of both parties for peaceableness and violence were in issue and the court did not err in admitting testimony on the subject. [Cit.]" But see *Security Life Ins. Co. v. Newsome*, 122 Ga. App. 137, 138 (2) (176 SE2d 463) (1970) (in assault and battery action, not reversible error to exclude evidence of defendant's prior violent behavior).

In the case at bar, appellee presented evidence that Hinton violently attacked him in an irrational and malicious manner and without provocation. Under the reasoning of *Swinney* and *Stanley*, the trial court was authorized to admit evidence of a prior violent act as relevant to the issue of Hinton's bent of mind, habit, and course of conduct. Accordingly, we find no abuse of the trial court's discretion in overruling appellants' motion in limine and admitting the evidence at issue. See generally *Skil Corp.*, supra at 754-756 (1).

2. Appellants also enumerate as error the trial court's denial of their motion for continuance made on the ground that Hinton was unable to attend the trial. "It is well established that all continuances for which express provision has not been made are granted or denied in the discretion of the trial court, and this court will not reverse such

decisions absent a clear abuse of discretion. [Cits.]" *Payton v. Green*, 179 Ga. App. 438, 439 (2) (346 SE2d 884) (1986). Although appellants set forth in their brief the reasons why they contend the continuance was necessary, no such evidence appears in the record. Nor does the record contain the showing required by OCGA § 9-10-154. We cannot consider facts related in the briefs that are not a part of the record, and in the absence of an affirmative showing of error on the record the trial court's ruling will not be disturbed. *Thomas v. RGL Assoc.*, 200 Ga. App. 283 (407 SE2d 420) (1991). Accordingly, we find no error in the denial of the motion for continuance. See *Payton*, supra at 439-440 (2).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993.

*B. J. Smith*, for appellants.
*Hughes & Gibson, Ralph E. Hughes*, for appellee.