A95A1787. GROGAN et al. v. LANIER BANK & TRUST COMPANY et al.
(464 SE2d 892)

RUFFIN, Judge.

Anna L. Grogan, Amanda L. Grogan, and Rickey Chad Grogan ("the children") sued Lanier Bank & Trust Company and Lee Wilhelm and Rickey Stowe as agents of the Bank (hereinafter collectively referred to as "the Bank") to recover the value of three custodial certificates of deposits ("CDs") that their father, Rickey E. Grogan, pledged as collateral for a Bank loan which went into default. Each of the CDs was issued to Rickey E. Grogan or Debra W. Grogan (the childrens' mother) as custodian of the respective child. The trial court granted the Bank's motion for summary judgment. For reasons which follow, we affirm.

1. In five enumerations of error the children challenge the court's ruling, essentially arguing that the Bank cannot be shielded from liability because it knew Rickey Grogan's use of the CDs to secure a

personal loan was a misappropriation of the money. In its order, the court cited *Trust Co. Bank &c. v. Henderson,* 185 Ga. App. 367 (364 SE2d 289) (1987), aff'd 258 Ga. 703 (373 SE2d 738) (1988), for the proposition that third parties such as the Bank may rely on the presumption that a fiduciary will faithfully discharge his duties as required by law and ruled that the Bank was not liable for any alleged mishandling or conversion of the custodial accounts by Rickey E. Grogan. Although the children contend the court's ruling was erroneous, they present no evidence of illegal conduct by Grogan and have not sued him for misappropriation or conversion. For the Bank to face liability, it must be shown that Grogan mishandled the funds and that the Bank assisted him with knowledge of his misconduct. See *Nat. Nugrape Co. v. C & S Nat. Bank,* 94 Ga. App. 5 (2) (93 SE2d 381) (1956). However, there is no evidence of any custodial agreement governing Rickey Grogan's management or use of the CDs at issue. Thus, the Bank simply applied the CDs as directed by a fiduciary whom it could presume was acting in a lawful manner consistent with his duties. Id. See also *Bank South v. Grand Lodge &c.,* 174 Ga. App. 777 (1) (331 SE2d 629) (1985). While we may not condone Grogan's conduct, the children's argument in effect seeks to have us impose a duty upon the Bank to decide unilaterally that a custodian's use of such funds is inappropriate. In the absence of any authority to that effect, we decline to do so. See *Chelena v. Ga. Fed. Savings &c.,* 256 Ga. 336 (349 SE2d 180) (1986); *Trust Co. of Ga. v. Nationwide Moving &c. Co.,* 235 Ga. 229 (219 SE2d 162) (1975).

2. Likewise, the children argue the court erred in ruling that the Bank was immune from liability under *Chelena,* supra, because OCGA § 7-1-790, upon which the *Chelena* case is predicated, applies to savings and loan associations, not banks. In *Chelena,* a trustee repaid two bank loans with her children's trust funds which were awarded in a divorce decree. The trustee used the funds as collateral for the loans without permission from the court in violation of the court's decree. The children sued the bank for alleged mishandling of their trust account. We affirmed summary judgment for the bank, holding that under OCGA § 7-1-790, a savings and loan association may "pay out funds to the . . . fiduciary and rely on the recognized presumption that the fiduciary will faithfully discharge his duties with regard to the disposition of the funds. [Cits.] In the absence of knowledge of a breach of trust by the fiduciary, it is not incumbent upon the [bank] to investigate the use of funds by the fiduciary. [Cit.] Such a requirement would unduly hinder the multitudinous transactions of the association." Id. at 337. We do not agree that the provisions of OCGA § 7-1-790 are inapplicable to this case given that the Bank is not a savings and loan association. See *Bank South,* supra at 780-781. See also *Nat. Bank v. Weiner,* 180 Ga. App. 61, 65 (348

SE2d 492) (1986) in which we found OCGA § 7-1-790 to be "fairly correlative" to OCGA § 7-1-352 which specifically applies to banks. Accordingly, this enumeration is without merit.

3. The children contend that the court ignored the guardianship laws set forth in OCGA § 29-4-2. Pretermitting whether there is any evidence that OCGA § 29-4-2 is applicable to this case, this argument was never raised in the children's complaint and it was not reached by the trial court. Thus, it is not ripe for appellate review. See *Devins v. Leafmore Forest Condo. Assn. &c.*, 200 Ga. App. 158 (3) (407 SE2d 76) (1991).

4. The children contend the court erred in ruling that because the Bank's secured loans to Grogan were a "single isolated transaction," they did not constitute a "pattern of racketeering activity" which would support a RICO claim. Citing *Cobb v. Kennon Realty Svcs.*, 191 Ga. App. 740 (382 SE2d 697) (1989), the court held that the two loans to Grogan constituted only one extended transaction rather than "at least two incidents" of racketeering activity as required by OCGA § 16-14-3 (8).

At the outset we note that on appeal, the children state they are incorporating by reference arguments made with respect to this enumeration in certain motions and pleadings filed in the trial court. However, this court has no rule which authorizes any such incorporation by reference. Pretermitting whether the Bank's agreement to secure the loans with the CDs constituted "criminal activity" as required under OCGA § 16-14-3 (8), the children cite neither argument nor legal authority showing the trial court's ruling was in error. This enumeration of error is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2).

5. The children contend the court erred in ruling that Georgia's Fair Business Practices Act did not apply to this case and in holding that they did not respond to certain aspects of the Bank's motion for summary judgment. These arguments are likewise abandoned because they are unsupported by argument or legal authority.

6. The children contend the court erred in granting the Bank's motion to continue the case from the original trial calendar. However, the children have alleged no harm from the grant of the motion which they must do in order to prevail on appeal. *Tarleton v. Griffin Fed. Savings Bank*, 202 Ga. App. 454 (1) (b) (415 SE2d 4) (1992). Moreover, "[i]t is well established that all continuances for which express provision has not been made are granted or denied in the discretion of the trial court, and this court will not reverse such decisions absent a clear abuse of discretion." (Citations and punctuation omitted.) *Dimarco's, Inc. v. Neidlinger*, 207 Ga. App. 526, 527-528 (2) (428 SE2d 431) (1993). Our review of the record does not reveal such an abuse of discretion.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 1995 —

McDonald & Cody, Douglas W. McDonald, Sr., Thomas L. Carter, Jr., for appellants.

Hamil & Dickinson, R. Timothy Hamil, David L. Dickinson, Carey, Jarrard & Walker, Christopher J. Walker III, for appellees.