A99A0648. WESTCORP SOFTWARE SYSTEMS, INC. v. ODELL et al.

(519 SE2d 755)

McMurray, Presiding Judge.

Charles B. West, Jr., Westcorp Software Systems, Inc.'s ("Westcorp") majority shareholder and chairman of the board of directors, executed symmetrical employment contracts on Westcorp's behalf with three of the company's top executives — Michael Allen Odell, Westcorp's president; Harry Robert Howard, Jr., Westcorp's executive vice president and member of the board of directors, and Hugh Leon Rhodes III, Westcorp's vice president and member of the board of directors. In addition to generous salaries, benefits and bonuses, these agreements provided each executive with, among other things, an absolute right to twelve months severance pay, a continuation of certain benefits for two years after discharge, plus the right to collect attorney fees and expenses for any required enforcement of the employment agreement.

After Charles B. West, Jr. fired Odell, Rhodes and Howard ("the executives"), Westcorp filed an action to declare the employment contracts void. The executives counterclaimed to recover severance benefits under their employment contracts. The trial court granted the executives' motion for summary judgment and denied Westcorp's motion for summary judgment, rejecting (among other things) Westcorp's unconscionability, ultra vires and conflict of interest claims and fraudulent inducement and intentional interference with contractual relations defenses. The trial court declared that the executives' employment contracts are enforceable as a matter of law and that the executives are entitled to recover from Westcorp severance benefits under their respective employment contracts — including attorney fees. Westcorp filed this appeal upon entry of the trial court's summary judgment order. *Held*:

1. To prevail on summary judgment (OCGA § 9-11-56), the movant is required to make a prima facie showing that the movant is

entitled to judgment as a matter of law. *Hyde v. Gill*, 236 Ga. App. 729, 731 (1) (513 SE2d 278). It is undisputed in the case sub judice that the executives' claims against Westcorp for severance pay are based on employment agreements which were executed during a conflicting interest transaction (as defined by OCGA § 14-2-860), by the corporation's majority shareholder and chairman of the board of directors, Charles B. West, Jr. But neither the executives nor Westcorp has cited authority or evidence indicating that West had the power to bind Westcorp to the employment agreements. While a corporation's chief executive officer may have authority to execute contracts on the corporation's behalf, such power cannot be assumed for purposes of summary adjudication in a transaction involving high-level conflicting interests absent a showing of express or implied authorization by the shareholders or articles of incorporation. See OCGA § 14-2-841. Accordingly, since there is no proof that West had authority to bind Westcorp to the employment agreements, the executives failed to establish a prima facie right to recover against Westcorp for breach of contract. The trial court, therefore, erred in granting the executives' motion for summary judgment. See *Bresnahan v. Lighthouse Mission*, 230 Ga. App. 389 (496 SE2d 351), holding that the signature of a corporate president, acting alone, is insufficient to bind the corporation. See also *Dunaway v. Parker*, 215 Ga. App. 841, 847 (2) (453 SE2d 43).

2. The executives' argument that Westcorp ratified the employment agreements by providing executive Odell with severance benefits (about five months worth) after his termination does not authorize the trial court's summary judgment order because there is no conclusive proof that any corporate officer or director acted with authority in paying Odell benefits under his disputed employment contract. Whether a ratification occurred is ordinarily a question for the jury. *Hunter v. Roberts*, 199 Ga. App. 318-319 (2) (404 SE2d 645). See *Dunaway v. Parker*, 215 Ga. App. at 848 (3), supra.

3. We do not address Westcorp's enumerations of error regarding the validity of specific provisions of the disputed employment agreements as the threshold question of West's authority to bind Westcorp contractually may render any opinion as to these issues unnecessary.

*Judgment reversed. Ruffin, J., concurs. Andrews, J., concurs in the judgment only.*

DECIDED JUNE 24, 1999 —
RECONSIDERATION DENIED JULY 7, 1999 — CERT. APPLIED FOR.

*Culbreth & Sharony, Jackson L. Culbreth, Abraham A. Sharony,* for appellant.

*Kilpatrick Stockton, Roderick C. Dennehy, Jr., Christopher B. Lyman*, for appellees.