A99A1696. FAMILY PARTNERS WORLDWIDE, INC.
v. SUNTRUST BANK, ATLANTA.
(530 SE2d 742)

MILLER, Judge.

Family Partners Worldwide, Inc. arranged international adoptions and set up a separate corporation as a foundation to raise funds for the adoptions. The board of directors and the chief executive officer (CEO), Keith McGrew, were the same for both corporations. Unknown to the directors, McGrew opened an account in the name of the foundation at SunTrust Bank, which he allegedly used to convert funds from Family Partners. Claiming some checks had been stolen, McGrew later closed the account and opened a new account that had the same name and allegedly served the same purpose of embezzling. Family Partners sued SunTrust to recover the converted funds, contending SunTrust was liable because it did not require a corporate resolution or certificate of authority to open either account. On a motion for summary judgment, the trial court concluded that McGrew as CEO had the inherent agency power to open the accounts and granted the motion in favor of SunTrust. We agree and affirm.

1. Summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant.[2]

2. OCGA § 7-1-352 (a) provides that whenever an agent deposits money in a bank to the credit of his principal, the bank "shall be authorized to pay the amount of such deposit, or any part thereof, upon the order of such agent [properly signed] without being accountable in any way to the principal. . . ." This protects a bank from liability for embezzlement by a signatory on a corporate bank

[1] OCGA § 9-11-56 (c).
[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

account where the person setting up the account had the authority to do so and where the bank was without knowledge of the embezzlement.[3] Because there is no evidence SunTrust knew of the embezzlement, our inquiry focuses on whether McGrew as CEO had either the authority or inherent agency power to open the account and designate himself as the authorized signatory for withdrawals.[4] The evidence is disputed whether McGrew had the actual or apparent authority, and therefore summary judgment in favor of SunTrust cannot be sustained on these theories.

The question becomes whether McGrew had inherent agency power, which is defined in *Trust Co. of Ga. v. Nationwide Moving &c. Co.* as "the power of an agent which is derived not from authority, apparent authority or estoppel, but solely from the agency relation and exists for the protection of persons harmed by or dealing with a servant or other agent."[5] The agency relation here was that McGrew was the CEO of the foundation and of Family Partners, upon which SunTrust relied in setting up the accounts. Did SunTrust have the right to rely solely on McGrew's position as CEO for the power to set up a corporate bank account and to withdraw corporate funds without a proper corporate resolution? We hold it did.[6]

Unlike the position of general manager in *Trust Co.*,[7] the position of CEO here had the inherent power to open a corporate account and withdraw corporate funds. The CEO was the highest executive in both corporations and had the undisputed, complete executive power to run the corporations' day-to-day affairs. Family Partners conceded that as CEO McGrew had the implied authority to execute contracts on behalf of the corporations, including leasing office space and entering into various contracts for advertising, office equipment, adoption coordination, and releases, with unfettered access to the corporate seal. He had implied authority to hire and fire any employee and to oversee and supervise the office and its daily operations.

McGrew sat on the finance committee of the boards and had the complete authority to oversee and supervise the financial end of the businesses, including the authority to communicate with outside accountants and attorneys. He had the implied power to interact

---

[3] *Trust Co. of Ga. v. Nationwide Moving &c. Co.*, 235 Ga. 229, 230 (219 SE2d 162) (1975) (interpreting former Code Ann. § 13-2042).

[4] See id. at 231.

[5] (Citation and punctuation omitted.) Id. at 232.

[6] Cf. *Franklin Sav. &c. Co. v. Branan*, 54 Ga. App. 363, 366 (3) (188 SE 67) (1936) (president has power to act for corporation within the scope of its ordinary business and his usual official duties); compare *Westcorp Software Systems v. Odell*, 238 Ga. App. 835, 836 (1) (519 SE2d 755) (1999) (physical precedent only) (CEO does not have implied power to execute contracts involving high-level conflicting interests); *Trust Co.*, supra, 235 Ga. at 232 (general manager does not have inherent authority to open accounts).

[7] Id. at 232-233.

with banks by obtaining information and receiving and reconciling monthly bank statements. Significantly, McGrew had the authority to endorse and deposit checks in Family Partners's other three accounts at NationsBank, wire monies from those accounts, and serve as an authorized sole signatory on corporate checks and payroll checks drawn at NationsBank. He had the implied authority to incur reasonable business expenses, purchase supplies, and pay invoices and other corporate debts such as payroll taxes, refunds, liability insurance, and repair bills. He represented the companies abroad and locally, particularly to regulatory agencies and nongovernmental organizations. In effect, he was the boards' "eyes and ears" with the express mission to save a sinking financial ship. These undisputed facts concerning the plenary scope of his power conclusively establish that, in his position as CEO, McGrew had the inherent agency power to open accounts for the corporations and to withdraw monies from those accounts, which actions would be within the ordinary course of the business of Family Partners and the foundation.[8]

Nevertheless, Family Partners argues that SunTrust is precluded from relying on McGrew's inherent agency power because SunTrust failed to follow its own internal policy requiring a corporate resolution or certificate of authority to establish a corporate account. We agree, however, with the United States District Court for the Northern District of Georgia that "a bank's failure to follow its own internal operating procedures [regarding opening accounts] cannot give rise to legal liability" for embezzlements from that account.[9] *Trust Co.* explained:

> While we agree the bank could easily protect its interests by requiring a proper corporate resolution showing the agent's authority to act for the corporation, that method is not the exclusive one for establishing the existence either of authority or of inherent agency power to open a bank account for the corporation.[10]

The undisputed evidence showed that McGrew had the inherent agency power to open the accounts and withdraw deposited funds. Pursuant to OCGA § 7-1-352 (a), SunTrust is protected from liability for the alleged conversion by McGrew. In this evidentiary posture,

---

[8] Cf. id. at 232-234; compare *Bresnahan v. Lighthouse Mission*, 230 Ga. App. 389, 391 (1) (496 SE2d 351) (1998) (president does not have implied authority regarding matters outside the scope of ordinary business).

[9] *APCOA, Inc. v. Fidelity Nat. Bank*, 703 FSupp. 1553, 1558 (N.D. Ga. 1988), aff'd, 906 F2d 610 (11th Cir. 1990).

[10] Supra, 235 Ga. at 233.

the trial court correctly granted SunTrust's motion for summary judgment.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 8, 2000.

Harman, Owen, Saunders & Sweeney, Michael W. McElroy, Charles J. Cole, for appellant.

Hawkins & Parnell, William H. Major III, for appellee.