A08A0295, A08A0296. FERMAN et al. v. BAILEY; and vice versa.

(664 SE2d 285)

MILLER, Judge.

Alice K. Bailey sued Dr. Daniel E. Ferman and Thomas Crossroads Dental Center, P.C. (the "Dental Center") alleging that while she was employed as a hygienist by the Dental Center, she was the victim of sexual assault and harassment perpetrated by Ferman. A jury returned a verdict in favor of Bailey on her claims of intentional infliction of emotional distress and negligent hiring and retention; and a verdict in favor of Ferman on Bailey's claims of assault and battery. The jury also awarded Bailey attorney fees and punitive damages.

In Case No. A08A0295, Ferman and the Dental Center appeal, alleging that the trial court erred in admitting certain evidence and in denying their motions for a directed verdict, judgment notwithstanding the verdict, and new trial. In Case No. A08A0296, Bailey appeals, alleging that the trial court erred in granting a directed verdict in favor of the defendants on her slander claim, in excluding certain evidence, and in permitting a defense witness to testify in violation of a pre-trial agreement. As to Case No. A08A0295, we discern no error and affirm; but because the trial court erred in granting a directed verdict on Bailey's slander claim and clearly abused its discretion in excluding certain evidence relevant to Bailey's claims of assault and battery, we reverse in Case No. A08A0296.

Viewed in the light most favorable to support the jury's verdict (*Wal-Mart Stores v. Johnson*, 249 Ga. App. 84, 85 (547 SE2d 320) (2001)), the record shows that Bailey began working as a hygienist at the Dental Center in October 2003. In November 2003, Ferman, Bailey, and other employees of the Dental Center went to Mexico on an annual trip paid for by the Dental Center. During that trip, a photograph was taken of Bailey and Ferman's wife while Bailey was dressed in her bathing suit and reclining on a chaise lounge chair. Ferman thought there was a "good possibility" that Bailey was flirting with him by posing suggestively in the photograph.

After returning from Mexico, Ferman began harassing Bailey about the photograph. He began calling her "R.I.M." (which was an abbreviation for "Ready in Mexico") in front of patients and fellow employees; he would approach her while she was with patients and whisper to her that he was going to have the photograph enlarged; he had his office manager tell her that the photograph was ready and that he was going to pick it up; and he posted a copy of the photograph in Bailey's work space with the words "Ready in Mexico" written on it. Despite her protests, Ferman continued to refer to Bailey as "R.I.M." until she left the Dental Center in January 2004.

Ferman also followed Bailey around the office to such an extent that she asked other employees to accompany her to the supply room or the restroom. Her efforts to avoid being left alone with Ferman were often unsuccessful, as he would usually send those employees to the front of the office. In December 2003, Ferman began telling Bailey that he wanted to play strip poker with her. Just before Christmas, he gave Bailey a deck of playing cards and told her she should "start practicing."

On January 15, 2004, Ferman drove to Bailey's house to locate it. He purchased a bottle of vodka and admitted that he planned to take it to Bailey's house the next day so that they could play strip poker and "probably" have sexual relations. The next morning, Ferman drove to Bailey's house with the bottle of vodka. Bailey testified that after she let him in, he grabbed her and pulled her up against him. She claimed that after she pushed him away and asked him to leave, he told her he was going to kill her and then grabbed her on the chin and kissed her on the mouth.

The next day, Bailey reported the incident to the police. She also left a voicemail on Ferman's office telephone to report that she would not be returning to work. In response thereto, Ferman called a staff meeting at the Dental Center, at which he claimed he had never been to Bailey's house and that Bailey was a liar. Ferman told his staff that he would sue them if they testified against him in Bailey's lawsuit, and he arranged to speak with several other dentists in the area so

that he could "discuss [Bailey's] employment" with them. It was only after Ferman learned that evidence existed showing that he had visited Bailey's home that he admitted to having been there, although he claimed he did so solely to deliver the bottle of vodka and tell her that he was not interested in a sexual relationship.

*Case No. A08A0295*

1. Ferman and the Dental Center claim that the trial court erred in admitting testimony by several former employees and a patient of the Dental Center regarding harassment allegedly perpetrated upon them by Ferman. They assert that such evidence was inadmissible to bolster Bailey's claim of intentional infliction of emotional distress because the witnesses did not observe any tortious conduct against Bailey.

OCGA § 24-2-2 permits the introduction of similar transaction evidence where "the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Here, evidence of Ferman's harassment of other employees and the patient was admissible as to Bailey's claim of negligent hiring and retention because it tended to show that the Dental Center should have known that Ferman posed a risk of committing the same type of harassing behavior against Bailey. See *Underberg v. Southern Alarm*, 284 Ga. App. 108, 110 (1) (643 SE2d 374) (2007) ("a defendant employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's tendencies or propensities that the employee could cause the type of harm sustained by the plaintiff") (footnote omitted). As a result, the trial court did not abuse its discretion in admitting evidence of Ferman's conduct toward the former employees and patient or in denying his motion for new trial based on such alleged error.

2. Ferman also claims that the trial court erred in denying his motions for a directed verdict, j.n.o.v., and new trial as to Bailey's claims of intentional infliction of emotional distress and negligent hiring and retention, and as to the award of punitive damages and attorney fees. We disagree.

In reviewing the denial of a motion for a directed verdict, motion for a j.n.o.v., or motion for new trial, this Court "must affirm if there is any evidence to support the jury's verdict, and in making this determination, we must construe the evidence in the light most favorable to the prevailing party." (Citation omitted.) *Rabun County v. Mountain Creek Estates*, 280 Ga. 855, 858 (2) (632 SE2d 140) (2006); *Lillard v. Owens*, 281 Ga. 619, 620 (1) (641 SE2d 511) (2007); *Bagley v. Robertson*, 265 Ga. 144, 145 (1) (454 SE2d 478) (1995).

(a) Here, Ferman and the Dental Center allege that Bailey failed to present evidence showing that Ferman's conduct was "extreme and outrageous" or that the emotional distress suffered by Bailey was severe. See *Jarrard v. United Parcel Svc.*, 242 Ga. App. 58 (529 SE2d 144) (2000). We find, however, that evidence of Ferman's pervasive pattern of harassing behavior demonstrated the extreme and outrageous nature of his conduct, especially given Ferman's ownership of the Dental Center and the control that he exercised over Bailey as an employee. See *Trimble v. Circuit City Stores*, 220 Ga. App. 498, 499 (469 SE2d 776) (1996).

Ferman's claim that Bailey failed to present evidence that she suffered severe emotional distress was not presented to the trial court, and is therefore waived on appeal. *Williams v. Conerly*, 276 Ga. 651, 654 (2) (582 SE2d 1) (2003). Even if it were otherwise, the record shows that Bailey presented evidence of severe emotional distress, including the fact that she became so fearful as a result of Ferman's conduct that she obtained a gun and kept it under her bed until she moved out of state in 2006.

The evidence presented was sufficient for reasonable persons to find that Bailey established each of the elements of intentional infliction of emotional distress. Accordingly, the trial court properly allowed the jury to "find the facts and make its own determination" and denied the motion for a directed verdict, motion for a j.n.o.v., and motion for new trial related to Bailey's claim of intentional infliction of emotional distress. (Citation omitted.) *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991).

(b) Ferman and the Dental Center also claim that the trial court erred in denying their motion for a directed verdict, motion for a j.n.o.v., and motion for new trial related to Bailey's claim of negligent hiring and retention. The record shows, however, that Bailey presented evidence that officers of the Dental Center knew, based on allegations that Ferman previously harassed other employees of the Dental Center, that Ferman posed a risk of harassing Bailey. See *Underberg*, supra, 284 Ga. App. at 110 (1). Generally, the determination of whether an employer used ordinary care in hiring or retaining an employee is a jury issue. Id. The trial court, therefore, did not err in denying the various motions seeking a defense verdict on Bailey's claim of negligent hiring and retention.

(c) Finally, given the ample evidence supporting the jury's verdict that Ferman committed an intentional tort against Bailey, the trial court did not err in denying the motion for a directed verdict, motion for a j.n.o.v., and motion for new trial related to the claim for punitive damages or award of attorney fees. See OCGA § 51-12-5.1 (b) (providing for punitive damages based on commission of intentional torts); *Tyler v. Lincoln*, 272 Ga. 118, 122 (2) (527 SE2d

180) (2000) ("every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees") (citations and punctuation omitted).

### Case No. A08A0296

3. In her cross-appeal, Bailey first claims that the trial court erred in granting a directed verdict on her slander claim. OCGA § 51-5-4 (a) (1) provides that slander or oral defamation is actionable per se, meaning that no special damages need be shown, where a party "[i]mput[es] to another a crime punishable by law." Here, Bailey presented evidence that after she reported Ferman's conduct to the police, Ferman told his staff that her allegations against him regarding his visit to her home were untrue. Because it is a crime to wilfully and knowingly file a false police report (see OCGA § 16-10-26), Ferman's alleged statements were sufficient to serve as the basis for a claim of slander per se. See *Wolff v. Middlebrooks*, 256 Ga. App. 268, 270-271 (1) (568 SE2d 88) (2002). The trial court erred, therefore, in granting a directed verdict on Bailey's slander claim, and Bailey is entitled to a jury trial on the same.

4. Bailey also asserts that the trial court erred in excluding evidence that Ferman previously (i) threatened his wife and children, (ii) assaulted a child in the Dental Center, and (iii) was involved in a consensual adulterous relationship. As set out below, we find that the trial court clearly abused its discretion in excluding evidence relevant to Bailey's claims of assault and battery; and Bailey is, therefore, entitled to a new trial on such claims.

> We review the trial court's decision to . . . exclude evidence under the abuse of discretion standard. We also recognize, however, that evidence which logically tends to prove or disprove a material fact in issue is relevant and all relevant evidence should be admitted for the jury's consideration unless its probative value is substantially outweighed by the danger of unfair prejudice. The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors.

(Footnote omitted.) *Buckler v. DeKalb County Bd. of Tax Assessors*, 263 Ga. App. 305, 306 (1) (587 SE2d 797) (2003).

Here, the trial court excluded evidence alleging that Ferman had previously threatened his wife and children, causing his wife to change the locks on the doors to their home, and that he had threatened to kill their son if his wife ever again attempted to stop

him from entering the residence. The trial court also excluded evidence that Ferman pushed a 13-year-old boy in the Dental Center after the boy had allegedly been rude to him.

"In cases involving the intentional torts of assault and battery, evidence of prior violent or peaceable conduct by a party has been held to be admissible when relevant to an issue in the case." *Dimarco's, Inc. v. Neidlinger*, 207 Ga. App. 526, 527 (1) (428 SE2d 431) (1993). Given that Bailey alleged that Ferman assaulted her and threatened to kill her, evidence of another assault and similar threats were admissible to "throw[ ] light upon the question of the truth or falsity of the acts complained of." *Swinney v. Wright*, 35 Ga. App. 45, 48 (132 SE 228) (1926). We find, therefore, that the trial court clearly abused its discretion in excluding such evidence.

While Bailey also claims that the trial court erred in excluding evidence that Ferman had previously been involved in a consensual adulterous relationship, such evidence was irrelevant to her claim of assault and battery and would only have served to impugn the general character of Ferman. See OCGA § 24-2-2.

5. In light of our holdings in Divisions 3 and 4, supra, that Bailey is entitled to a new trial on her claims of slander and assault and battery, we need not address her claim that the trial court erred in permitting a defense witness to testify in violation of a pre-trial agreement.

*Judgment affirmed in Case No. A08A0295. Judgment reversed in Case No. A08A0296. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 26, 2008.

*Kam, Ebersbach & Lewis, Michael G. Kam, Julie B. Williams*, for appellants.
*Johnson & Benjamin, Jonathan W. Johnson*, for appellee.