## A10A1096. A & G TRUCKING, INC. et al. v. PITTS et al.

(703 SE2d 134)

DOYLE, Judge.

Calvin E. J. Pitts, Jr., Makala Pitts, Willie G. Pitts, Akim Ussery, and the estate of Mack Pitts (collectively "the plaintiffs") filed a wrongful death action against A & G Trucking, Inc., and Sarah Okoro (collectively "the defendants") following the death of Mack Pitts.[1] A DeKalb County jury returned a verdict in favor of the plaintiffs in the amount of $5,470,000. The defendants appeal, arguing that the trial court abused its discretion by permitting plaintiffs' counsel to cross-examine Okoro regarding her purported employment application with A & G. We discern no abuse of discretion and affirm.

Viewed in favor of the verdict,[2] the record shows that on June 14, 2007, Mack Pitts was working as a "spotter" directing dump trucks at a construction site at the Atlanta airport. Okoro, who was operating a dump truck owned by A & G, her employer, pulled onto the construction site where several other trucks were lined up waiting to dump their loads. According to witnesses, Okoro bypassed the waiting trucks and positioned her truck to back up without waiting for a signal from the spotter as she was required to do. Pitts "flagged her with the stop signal," and she stopped momentarily. Pitts turned around and began directing another driver without realizing that Okoro had started backing toward him. Several of the drivers from the other trucks that were lined up began sounding their horns to warn Okoro that Pitts was behind her truck, but Okoro responded with an obscene hand gesture and continued reversing "at a good rate of speed." When Pitts realized that Okoro was backing up toward him, he tried to run out of the path of the truck, but was unable to do so before Okoro struck him.[3] Pitts died as a result of his injuries.

Pitts's heirs and his estate filed suit against Okoro and A & G Trucking, alleging negligence and negligent hiring, retention, and supervision, and seeking punitive damages. At trial, prior to opening statements, the plaintiffs dismissed their claims for punitive damages and negligent hiring, retention, and supervision.

During the trial, the plaintiffs' testimony established that immediately before she struck Pitts, Okoro violated multiple safety rules promulgated for the dump truck drivers at the construction site, including, inter alia, that Okoro: entered the field before being

---

[1] The individual plaintiffs are the minor children of Mack Pitts, the decedent, and their claims are brought through their mothers, Lillian Pitts and Lakeshi Rena Ussery.

[2] See *Ferman v. Bailey*, 292 Ga. App. 288, 289 (664 SE2d 285) (2008).

[3] The plaintiffs do not allege that Okoro intentionally struck Pitts.

signaled to do so by a spotter; failed to remain still after the spotter directed her to stop; backed up without receiving a signal to do so by the spotter; and backed up without ascertaining the location of the spotter. During her testimony, Okoro did not contest that she violated those rules, but testified that her actions on the day of the accident were consistent with her previous actions and experiences during the six years she had made deliveries on the construction site as a driver for A & G and were consistent with the actions of other drivers on the site. Specifically, Okoro testified that she regularly dumped loads of fill dirt without the assistance or presence of a spotter during the course of her employment with A & G.[4]

During cross-examination, Okoro testified that her first truck driving job was with A & G, where she began working in 1999, and that she had never driven a dump truck before then. Plaintiffs' counsel then announced that he was handing Okoro Exhibit 40, and defense counsel immediately objected. During the ensuing bench conference, defense counsel stated that Exhibit 40 was Okoro's employment application for A & G,[5] which indicated that Okoro had worked as a truck driver before she worked for A & G. Plaintiffs' counsel argued that he was entitled to impeach Okoro with the application, which the defendants had produced during discovery, as a prior inconsistent statement. Defense counsel objected, arguing that the statement was irrelevant and therefore inadmissible because the plaintiffs had dismissed their negligent hiring, supervision, and retention claims. The trial court overruled the objection, and plaintiffs' counsel asked Okoro about the employment application, but ceased questioning when Okoro testified that she had never seen the application and that the signature contained therein was not hers.[6]

In a single enumeration, the defendants argue that the trial court abused its discretion by permitting the plaintiffs to cross-

---

[4] Okoro testified that she drove past Pitts, who was on an embankment, when she entered the construction site; she did not see Pitts signal for her to stop and did not know that Pitts was behind her vehicle when she put her truck in reverse gear.

[5] Exhibit 40 was not admitted into evidence, and it is apparently not a part of the record on appeal.

[6] After Okoro testified, the defense presented the testimony of Audrey Smith, one of the principals of A & G. Smith acknowledged that Exhibit 40 – the employment application produced by A & G during discovery in response to the plaintiffs' request for production of Okoro's personnel file – was not prepared by Okoro; Okoro's name was misspelled and the signature contained thereon was not Okoro's. Smith believed that the company misplaced Okoro's actual employment application and that the manager in charge of the personnel files was unable to reach Okoro and therefore simply filled out an application for her during a workers' compensation audit. According to Smith, she was not aware that the application had been falsified until she heard Okoro's trial testimony.

examine Okoro regarding her purported employment application. We ⸱ disagree.

In Georgia, "[a] witness may be impeached by contradictory ⸱ statements previously made by him as to matters relevant to his ⸱ testimony and to the case."[7] To impeach a witness with a prior ⸱ inconsistent statement, a party must demonstrate that (1) the prior ⸱ statement contradicts or is inconsistent with the witness's in-court ⸱ testimony; (2) the prior statement is relevant; and (3) the examining ⸱ attorney has laid the proper foundation with the witness.[8] Here, the ⸱ defendants argue only that the plaintiffs failed to meet the second ⸱ requirement — that the statements on the employment application ⸱ were relevant. But it is for the trial court to determine whether an ⸱ alleged prior inconsistent statement is relevant, "and absent an ⸱ abuse of discretion, such exercise of sound discretion will not be ⸱ disturbed."[9] Here, given Okoro's previous testimony regarding her ⸱ experience as a dump truck driver with A & G and her apparent ⸱ defense that her actions on the date of the accident were consistent ⸱ with her experience, the trial court did not abuse its discretion in ⸱ concluding that statements regarding her truck driving experience ⸱ contained within her purported employment application were rel- evant and admissible as prior inconsistent statements.[10] In light of ⸱ this holding, we need not address the plaintiffs' contention that ⸱ Okoro waived this enumeration by failing to make repeated objec- tions or to assert a continuing objection to questions regarding the ⸱ application.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 5, 2010.

*Downey & Cleveland, Joseph C. Parker, Lauren R. Kruck*, for appellants.

*Butler, Wooten & Fryhofer, Alan J. Hamilton, Davis, Pickren & Seydel, James P. Sneed*, for appellees.

---

[7] OCGA § 24-9-83. See *Redfearn v. Huntcliff Homes Assn.*, 260 Ga. App. 150, 156 (1) (a) (579 SE2d 37) (2003).

[8] See *Duckworth v. State*, 268 Ga. 566, 567 (1) (492 SE2d 201) (1997).

[9] *Redfearn*, 260 Ga. App. at 156 (1) (a).

[10] Although it ultimately became clear that the employment application was not prepared by Okoro and, therefore, was not actually a prior inconsistent statement, counsel for both parties believed the application was Okoro's at the time of the objection.